BAMBERG COTTON MILLS CO., DISSOLVED, BY SANTEE MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9445, 10104.   Promulgated November 5, 1927.

More than 5 years having expired since the filing of income and excess-profits-tax returns for the fiscal years 1917 and 1920 and no valid consent to an extension of the period of limitation having been entered into between respondent and taxpayer, *held*, the assessment of tax for the fiscal years 1917 and 1920 is barred by the statute of limitations.

*G. E. H. Goodner, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits taxes for the fiscal years ended August 31, 1917, and June 30, 1920, in the amounts of $2,440.83 and $9,273.09, respectively. The questions raised by the pleadings are:

(1) Whether the proposed assessments for the periods ended August 31, 1917, and June 30, 1920, are barred by the statute of limitations.

(2) Whether the respondent has erroneously understated the invested capital of the petitioner for the fiscal periods ended August 31, 1917, and June 30, 1920.

(3) Whether the respondent has erroneously computed the 4 per cent additional income tax levied under section 4 of the Revenue Act of 1917 in determining the tax for the fiscal year ended August 31, 1917.

This case came on for hearing on February 7, 1927, at which time it was on motion of counsel ordered that the appeals for the years 1917 and 1920, Docket Nos. 9445 and 10104, be consolidated for hearing. No oral testimony was offered at the hearing by either the petitioner or the respondent. The case was submitted on documentary evidence and stipulations entered into by counsel.

### FINDINGS OF FACT.

Petitioner (Bamberg Cotton Mills Co.) was organized and incorporated under the laws of the State of South Carolina in 1903, to engage in the cotton-mill business at Bamberg. It was dissolved on May 14, 1920, in accordance with the laws of that State and its assets were distributed to the Santee Mills, a corporation then existing under the laws of the State of South Carolina, which corporation owned all of the stock of the petitioner at the time of said dissolution. Upon acquisition of the assets of the petitioner, the Santee Mills at the same time assumed all of its liabilities and obligations.

The Bamberg Cotton Mills, predecessor of the petitioner, also engaged in the cotton-mill business, petitioned the court on December 2, 1902, for the appointment of a receiver and in 1903 said receiver was appointed. The balance sheet of that company at that time was as follows:

Assets:

| | |
|---|---|
| Machinery, buildings and real estate | $182,076.01 |
| Other assets | 26,281.95 |
| Deficit | 11,531.02 |
| | 219,888.98 |

Liabilities:

| | |
|---|---|
| Capital stock | 137,990.00 |
| Bills payable and interest | 78,277.02 |
| Accounts payable | 3,621.96 |
| | 219,888.98 |

In 1903, when the petitioner was organized, the stockholders thereof were composed in part of the stockholders and creditors of the old company.  At the receiver's·sale either the petitioner or the subscribers to its stock purchased the entire assets of the old company for the sum of $50,000, of which sum $38,982.21 represented machinery, buildings, etc.  In 1906, petitioner experienced a disastrous fire which destroyed its records.

Petitioner filed its income-tax return for the year ended August 31, 1917, with the collector of internal revenue, district of South Carolina, on October 11, 1917.

Petitioner filed its income and profits-tax return for the fiscal period July 1, 1919, to May 14, 1920, with the collector of internal revenue, district of South Carolina, on September 7, 1920.

The following consents in writing were filed in connection with this case for the years 1917 and 1920, as follows:

New York, January —, 1923.

Special Assignment Section.

### INCOME AND PROFITS TAX WAIVER

In pursuance of the provisions of subdivision (d) of Section 250 of the Revenue Act of 1921, SANTEE MILLS, the successor to Bamberg Cotton Mills Co., of Bamberg, South Carolina, and the COMMISSIONER OF INTERNAL REVENUE hereby consent to a determination, assessment and collection of the amount of income, excess profits or war profits taxes due under any return made by or on behalf of said Bamberg Cotton Mills Co., of which said Santee Mills is the successor, for the year 1917 under the Revenue Act of 1921 or under prior income, excess profits or war profits tax Acts or under Section 38 of the Act entitled "An Act to provide revenue, equalize duties and encourage the industries of the United States, and for other purposes", approved August 5, 1909, irrespective of any period of limitations.

SANTEE MILLS

(SEAL)                   (Successor to Bamberg Cotton Mills Co.),
SANTEE MILLS                                          *Tax-payer.*
Incorporated                        by
1917                    (Sgd)        FRANK E. WHITMAN,
Orangeburg, S. C.                                    *Treasurer.*

———— ————,
*Commissioner.*

APPROVED FEB. 12, 1923.
        (Date)
(Sgd)        D. H. BLAIR,
        a.
*Commissioner of Internal Revenue.*

As amended 1924
IT : CA 2336–6

NOVEMBER 10, 1924.
(Date)

Received
Nov. 19, 1924
Special Assessment
Section
Section 23

### INCOME AND PROFITS TAX WAIVER

In pursuance of the provisions of existing Internal Revenue Laws, *Bamberg Cotton Mills* (*now Santee Mills*) a taxpayer, of Bamberg, S. C., and the Commissioner of Internal Revenue, hereby consent to extend the period prescribed by law for a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of said taxpayer for the years ended August 31, 1917, under the Revenue Act of 1924, or under prior income, excess-profits, or war-profits tax Acts, or under Section 38 of the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes", approved August 5, 1909. This waiver is in effect from the date it is signed by the taxpayer and will remain in effect for a period of one year after the expiration of the statutory period of limitation within which assessments of taxes may be made for the year or years mentioned, or the statutory period of limitation as extended by Section 277 (b) of the Revenue Act of 1924, or by any waivers already on file with the Bureau.

(SEAL)

SANTEE MILLS
Incorporated
1917
Orangeburg, S. C.

SANTEE MILLS,
*Taxpayer.*
By FRANK E. WHITMAN (Sgd),
*Treasurer.*
D. H. BLAIR (Sgd),
*Commissioner.*

If this waiver is executed on behalf of a corporation, it must be signed by such officer or officers of the corporation as are empowered under the laws of the State in which the corporation is located to sign for the corporation, in addition to which, the seal, if any, of the corporation must be affixed.

(A 5)

JANUARY, 28, 1925.

Received
Jan. 31, 1925
Special Assessment
Section

IT : E : SM
HAL–18848
A–18849

### INCOME AND PROFITS TAX WAIVER

(For taxable years ended prior to March 1, 1921)

In pursuance of the provisions of existing Internal Revenue Laws *Bamberg Cotton Mill,* (*Now Santee Mills*), a taxpayer of *Bamberg, South Carolina,* and the Commissioner of Internal Revenue hereby waive the time prescribed by law for making any assessment of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of said taxpayer for the *fiscal year 1917* under existing revenue acts, or under prior revenue acts.

This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1925, and shall then expire except that if a notice of deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board.

BAMBERG COTTON MILL
(Now Santee Mills)

(SEAL)                                                 *Taxpayer.*
SANTEE MILLS        By MARTIN J. KEOGH, JR. (Sgd)
Incorporated                              *Vice-President.*
1917                        J. E. FULLAGAR, *Secty.*
Orangeburg, S. C.           D. H. BLAIR,
                              W. B.
                                              *Commissioner.*

If this waiver is executed on behalf of a corporation, it must be signed by such officer or officers of the corporation as are empowered under the laws of the State in which the corporation is located to sign for the corporation, in addition to which, the seal, if any, of the corporation must be affixed.

(A 3)

INCOME AND PROFITS TAX WAIVER

For taxable years ended prior to January 1, 1922

IT. E. SM                                      Received
HWG–C–21500–2                           August 26, 1925
                                        Special Assessment
                                              Section

AUGUST 22, 1925.

In pursuance of the provisions of existing Internal Revenue Laws, SANTEE MILLS, *Successors to Bamberg Cotton Mills Company,* a taxpayer of *Bamberg, South Carolina,* and the Commissioner of Internal Revenue hereby waive the time prescribed by law for making any assessment of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of said taxpayer for the fiscal year *ended June 30, 1920* under existing revenue acts, or under prior revenue acts.

This waiver of the time for making any assessments as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board.

SEAL)                              SANTEE MILLS,
SANTEE MILLS         (Successors to Bamberg Cotton Mills Company)
Incorporated                                  *Taxpayer.*
1917                        By MARTIN J. KEOGH, Jr. (Sgd)
Orangeburg, S. C.                         *Vice-President.*
                              D. H. BLAIR,
                              W. B.
                                              *Commissioner.*

If this waiver is executed on behalf of a corporation, it must be signed by such officer or officers of the corporation as are empowered under the laws of the State in which the corporation is located to sign for the corporation, in addition to which, the seal, if any, of the corporation must be affixed.

J. C. b 12.

On October 20, 1925, the respondent mailed a deficiency notice to the petitioner with respect to the fiscal year ended August 31, 1917, and on September 29, 1925, the respondent mailed a deficiency notice to the petitioner with respect to the fiscal period ended June 30, 1920, showing in said deficiency notices the amounts here in controversy.

In auditing the return of the petitioner for the fiscal year ended August 31, 1917, the respondent determined the income to be $23,-719.56 and the invested capital to be $123,600, the total tax liability to be $2,491.21, and the deficiency to be $2,440.83. In auditing the return of the petitioner for the fiscal period ended June 30, 1920, the respondent has determined the income to be $42,158.95, the invested capital to be $181,209.56, the total tax liability to be $9,520.16, and the deficiency to be $9,273.09.

The respondent computed the deficiency in tax for the year 1917 as follows:

| | | |
|---|---:|---:|
| Excess profits tax | | $1,452.06 |
| Total net income | $23,719.56 | |
| Less: Profits tax | 1,452.06 | |
| Amount taxable at 2% | 22,267.50 | 445.35 |
| Amount taxable at 4% (8/12 of year) | 22,267.50 | 593.80 |
| Total tax assessable | | 2,491.21 |
| Original tax: | | |
|    Original return | $13.89 | |
|    Amended return | 36.49 | |
| | | 50.38 |
| Additional tax | | 2,440.83 |

### OPINION.

MORRIS: The petitioner contends that the proposed assessments for the fiscal periods ended August 31, 1917, and June 30, 1920, are barred by the statute of limitations, there being no valid consents extending the period of time provided for in the statute.

The evidence shows that the petitioner filed its return for the fiscal year ended August 31, 1917, with the collector of internal revenue on October 11, 1917, and that its return for the portion of the fiscal period ended June 30, 1920, during which it was operating, was filed on September 7, 1920; that in January, 1923, November, 1924, and January, 1925, three consents were filed with, and duly accepted by the respondent, with respect to the fiscal year ended August 31, 1917; that in August, 1925, an income and profits-tax consent with respect to the fiscal period ended June 30, 1920, was filed with and duly

accepted by the respondent. All of these consents are set forth verbatim in the findings of fact herein. The evidence further discloses that deficiency letters were mailed to the petitioner for the fiscal years ended August 31, 1917, and June 30, 1920, on October 20, 1925, and September 29, 1925, respectively, setting forth the deficiencies herein contested.

The provisions of the Revenue Acts of 1921 and 1924 applicable to this issue are as follows:

SEC. 250.(d) The amount of income, excess-profits, or war-profits taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts, or under section 38 of the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; * * *

SEC. 277. (a) Except as provided in section 278 and in subdivision (b) of section 274 and in subdivision (b) of section 279—

   *       *       *       *       *       *       *

(2) The amount of income, excess-profits, and war-profits taxes imposed by the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, the Act entitled "An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes," approved October 3, 1913, and the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

SEC. 278. (c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

SEC. 277. (b) The period within which an assessment is required to be made by subdivision (a) of this section in respect of any deficiency shall be extended (1) by 60 days if a notice of such deficiency has been mailed to the taxpayer under subdivision (a) of section 274 and no appeal has been filed with the Board of Tax Appeals, or, (2) if an appeal has been filed, then by the number of days between the date of the mailing of such notice and the date of the final decision by the Board.

Obviously, if the consents herein were validly executed there can be no question but that under the provisions of the statute hereinabove recited, the respondent is authorized to make the assessments in question but it is equally as obvious if the consents were not validly executed, and therefore of no effect, the statute of limitations has long since expired and consequently no assessment can now be levied by the respondent.

The petitioner contends that under the laws of the State of South Carolina, upon the dissolution of a corporation, the trustees who are the directors of the dissolved corporation, and they only, have authority to bind the corporation, and, therefore, these consents signed by an officer of the Santee Mills, a separate and distinct corporation, and bearing the seal of that corporation, are invalid and of no effect.

Sections 4281, 4282, and 4283 of the Code of Laws of South Carolina provide:

4281. Art. 32. Continuance of Corporations for Closing Affairs After Expiration, Annulment, Etc., of Charter.—All corporations, whether they expire by their own limitation or be annulled by the Legislature, or otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established.

4282. Art. 33. Powers of Directors after Dissolution of Corporation.—Upon the dissolution in any manner of any corporation, the directors shall be trustees thereof, with full power to settle the affairs, collect the outstanding debts, sell and convey the property and divide the moneys and other property among the stockholders after paying its debts, as far as such moneys and property shall enable them; they shall have power to meet and act under the by-laws of the corporation and under regulations to be made by a majority of said trustees, to prescribe the terms and conditions of the sale of such property, and may sell all or any part for cash, or partly on credit, or take mortgages and bonds for part of the purchase price for all or any part of said property.

4283. Art. 34. Power to Sue and Liability to Suit of Directors After Dissolution.—The Directors constituted trustees as aforesaid shall have authority to sue for and recover the aforesaid debts and property by the name of the corporation, and shall be suable by the same name or in their own names or individual capacities for the debts owing by such corporation, and shall be jointly and severally responsible for such debts to the amount of the moneys and property of the corporation which shall come to their hands or possession as such trustees.

The statute of limitations is generally regarded as a personal privilege and may be waived by defendant or asserted at its election. It has been held by some courts that where the defendant has parted with interest in property, the grantees, mortgagees, or other persons standing in his place are entitled to avail themselves of all the advantages of this plea. See Wood on Limitations, vol. 1, p. 142. The respondent not having taken issue on the subject of the Santee Mills filing the petition in this case and pleading the statute of limitations, apparently concedes that it has such an interest in the subject matter as would give it the right to avail itself of that plea.

It will be observed that the consents, except the one dated January, 1923, bore the following provision:

If this waiver is executed on behalf of a corporation, it must be signed by such officer or officers of the corporation as are empowered under the laws

11340°—28——81

of the State in which the corporation is located to sign for the corporation, in addition to which, the seal, if any, of the corporation must be affixed.

The consent of January, 1923, was signed " Santee Mills (Successor to Bamberg Cotton Mills Co.) Taxpayer by Frank E. Whitman, Treasurer." The consent of November 1924, was signed " Santee Mills, Taxpayer, by Frank E. Whitman, Treasurer." The consent of January 1925, was signed " Bamberg Cotton Mill (Now Santee Mills) Taxpayer by Martin J. Keogh, Jr., Vice-President, J. E. Fullager, Secty." The consent of August, 1925, was signed " Santee Mills, Successors to Bamberg Cotton Mills Company, Taxpayer, Martin J. Keogh, Jr., Vice-President." All of these consents bore the corporate seal of " Santee Mills."

The directors of the petitioner, as disclosed by the Certificate of Dissolution of Charter of May 14, 1920, were:

| | |
|---|---|
| Wm. Elliot | J. M. Albergotti |
| Jno. H. Cope | R. J. Brown |

It appears, therefore, that none of the men whose signatures appear in the consents filed with the respondent were directors or officers of the petitioner at the time of dissolution.

On what theory of law would the Board be justified in holding that a consent executed by an officer of a separate and distinct corporation from that of the petitioner constituted a consent executed by the petitioner itself and binding thereon? We can not say that the petitioner or the Santee Mills is estopped from denying the validity of these consents because they show clearly and unmistakably that they were executed by an officer of the Santee Mills, in his capacity as such, and that they bore the corporate seal of the Santee Mills. We have no reason to doubt the good faith of the officer executing them. The respondent was, or should have been, put on notice, and should have demanded that proper consents be filed, or the taxes should have been assessed in the event of refusal or failure to comply with his demands. The Board is powerless to apply the theory of equitable estoppel, for the reason that estoppels to be available on the trial must be affirmatively pleaded and proved. *In re Stoddard Bros. Lumber Co.*, 169 Fed. 190. The respondent has nowhere in the record raised the question of estoppel either against the petitioner itself or the Santee Mills.

The respondent's counsel apparently attaches some significance to the fact that the Santee Mills assumed all of the liabilities and obligations of the petitioner. The Santee Mills has not disputed the fact that it assumed the liabilities and obligations of the petitioner, but we are of the opinion that the fact that the Santee Mills was liable for the debts and obligations of the petitioner does not give it the right to execute consents without the express sanction of the state legislature in such cases, or some authorized delegation of power

from the trustees in dissolution. The Santee Mills, even though it was the sole stockholder of the petitioner, has no more right to execute a consent for the petitioner than a stockholder has to bind a corporation by any other form of agreement or contract.

In the case *Kemp* v. *United States*, 12 Fed. (2d) 7, handed down by the Circuit Court of Appeals, Fifth Circuit, wherein the validity of certain consents signed by former officers of the dissolved corporation was under consideration, the court held that these consents, filed within the statutory period and executed by men who were officers and directors of the dissolved corporation, were valid. In that case, the court cited the provisions of the law of Texas, which are similar to section 4281 of the Civil Code of South Carolina, to the effect that the president and directors at the time of dissolution shall be trustees, etc. After considering the State law and finding that the men whose names appeared in the consents there under consideration had been officers and directors of the corporation, it found that they were valid. While the court does not so state, it appears clearly from the context that if the parties who signed them had not been the parties authorized by the State statute, they would have been held to be invalid.

The law of South Carolina, by which we are bound in this matter, places absolute control and power over the affairs of a corporation in dissolution in the directors of the corporation, who are made trustees by express statutory provision. Consequently, it is our opinion that they, and they only, could enter into agreements which would be binding on the corporation. These consents which do not bear the seal of the petitioner, which are not executed by an officer empowered under the laws of the State to act for the company have no binding effect upon the taxpayer. The statutes provide that the taxes in controversy shall be assessed within five years after the return was filed, unless the Commissioner and the " taxpayer " shall have consented in writing to an assessment after the time prescribed. The term " taxpayer " as used in the statute is clearly confined to the Bamberg Cotton Mills.

The deficiencies for the fiscal years ended August 31, 1917, and June 30, 1920, not having been assessed within five years after the filing of the return by the petitioner and no valid consent in writing having been entered into between the respondent and the " taxpayer," the assessment of the deficiencies for these years is barred by the statute of limitations. Having so held with respect to the first issue, it is obviously unnecessary for us to consider the two remaining allegations of error urged by the petitioner.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*