BARRON-ANDERSON CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24769. Promulgated September 28, 1929.

*Harry Friedman, Esq.*, for the petitioner.
*Eugene Meacham, Esq.*, for the respondent.

OPINION.

Trammell: This is a proceeding for the redetermination of a liability as transferee asserted against the petitioner under section 280 of the Revenue Act of 1926 in the amount of $7,427.36, the liability asserted by the respondent being as transferee of a transferee of the assets of the dissolved corporation for the fiscal year ended November 30, 1920.

The Barron-Anderson Co., the petitioner, is a Massachusetts corporation incorporated on January 23, 1924. It is the transferee of the assets of another corporation of the same name which was incorporated under the laws of the State of Maine, referred to as the Maine corporation, and which itself was a transferee of the assets of another corporation of the same name incorporated under the laws of the State of Massachusetts in 1909, referred to as the taxpayer.

The taxpayer filed its income and profits-tax return for the fiscal year ended November 30, 1920, on February 15, 1921. On January 3, 1927, the respondent mailed notice under the provisions of section 280 of the Revenue Act of 1926 of his determination of a liability as transferee of the Maine corporation which succeeded the former Massachusetts corporation, the taxpayer.

Under date of November 25, 1925, an "Income and Profits Tax Waiver" was executed by the Commissioner and "Barron-Anderson Company taxpayer By Joseph Barron Treasurer," as follows:

INCOME AND PROFITS TAX WAIVER FOR TAXABLE YEARS ENDED PRIOR TO JANUARY 1, 1922.

NOVEMBER 25, 1925.

In pursuance of the provisions of existing Internal Revenue Laws Barron-Anderson Company, a taxpayer of Boston, Mass., and the Commissioner of Internal Revenue hereby waive the time prescribed by law for making any assessment of the amount of income, excess-profits, or war-profits taxes under any return made by or on behalf of said taxpayer for the fiscal year ended November 30, 1920, under existing revenue acts, or under prior revenue acts.

This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board.

(Signed)    BARRON-ANDERSON COMPANY,

*Taxpayer.*

By JOSEPH BARRON, *Treasurer.*

D. H. BLAIR, *Commissioner.*

[Seal Barron-Anderson Company
  Incorporated 1924
  Massachusetts]

On February 23, 1926, the Commissioner proposed a deficiency against the taxpayer corporation, that is, the former Massachusetts corporation, in the amount of $7,427.36. The petitioner herein appealed from that determination and on July 3, 1928, the proceeding was dismissed by the Board on the ground that the deficiency was asserted against the former corporation and that the petitioner was not authorized to bring a proceeding in behalf of the dissolved corporation.

This proceeding involves the questions: (1) Does section 280 permit an assessment against a transferee of a transferee? (2) Is section 280 constitutional? (3) Is the assessment of the tax liability barred in so far as the petitioner is concerned?

We will consider first issue 3, which raises the question whether the assessment of liability against the petitioner herein is now barred by limitations. If the statute of limitations bars the right of the Government to collect from the petitioner, it is not necessary to discuss the other questions.

Section 250 (d) of the Revenue Act of 1918 provides that the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or

was made. Section 277 (a) (3) of the Revenue Act of 1926 provides that the amount of income and profits taxes imposed by the Revenue Act of 1918 shall be assessed within five years after a return was filed, except that, as provided in section 278 (c), where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment, the tax may be assessed at any time prior to the expiration of the period agreed upon.

The taxpayer filed its return for the fiscal year ended November 30, 1920, on February 15, 1921, and the five-year period of limitation for assessment against the taxpayer thus expired February 15, 1926, unless extended by the waiver hereinabove set out. To comply with the statute, a waiver must be executed both by the Commissioner and "the taxpayer." The waiver under consideration here was executed by the Commissioner and "Barron-Anderson Company taxpayer by Joseph Barron Treasurer," and bears a seal with the following inscription: "Barron-Anderson Company Incorporated 1924 Massachusetts."

Joseph Barron was treasurer of both the 1909 and 1924 Massachusetts corporations, and the petitioner contends that Barron executed said waiver in his capacity as treasurer of the petitioner, the corporation organized in 1924, as indicated by the seal.

Respondent argues that the waiver describes the company, by and in whose behalf it was executed, as the "taxpayer," or the 1909 corporation.

We can not determine definitely from the signature alone which corporation executed said instrument. However, it is provided by the General Laws of Massachusetts, 1921, ch. 155, sec. 51, that a corporation which is terminated in any manner shall nevertheless be continued as a body corporate for three years after the time when it would have been so dissolved, for the purpose of prosecuting and defending suits and to enable it to settle and close its affairs. It is further provided that the corporate existence of such a corporation, for the purpose of any suit brought by or against it within said period of three years, shall continue beyond said period for a further period of 60 days after final judgment in the suit.

The taxpayer, which was the Massachusetts corporation of 1909, was dissolved November 30, 1920, and its corporate existence ceased for all purposes on November 30, 1923, save and except for the sole purpose of any suit brought by or against it within the three-year period. It follows that Barron was not authorized to act for the taxpayer corporation on November 25, 1925, when he executed the above mentioned waiver. If he attempted so to act, obviously the waiver would not be valid to bind the taxpayer. On the other hand, if he

executed said instrument as treasurer of the petitioner, the Massachusetts corporation of 1924, it would likewise not bind the taxpayer. A waiver executed by a transferee corporation will not serve to extend the period of limitation for assessment against the taxpayer. *Carnation Milk Products Co.*, 15 B. T. A. 556.

It is our opinion therefore that, irrespective of whether Barron executed said instrument as treasurer of the taxpayer or as treasurer of the petitioner, the period of limitation for assessment against the taxpayer was not extended thereby, and that said period expired February 15, 1926.

Section 280 (b) of the Revenue Act of 1926 provides that the period of limitation for assessment of liability against a transferee shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period,—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

Since no assessment has ever been made against the taxpayer, it is obvious that section 280 (b) (2), *supra*, has no application here. The real question here, then, is whether section 280 (b) (1), *supra*, has the effect of extending the period for assessment against a transferee in a case where the period for assessment against the taxpayer expired before the enactment of the Revenue Act of 1926.

Conceding, for the sake of argument, that Congress had the power to extend the statutory period for assessment after it had expired, did it do so in section 280 (b) (1)? Such a construction clearly should not be adopted unless the language used either expressly or by necessary implication indicates such an intention of Congress. When sections 280 (b) (1) and (2) are read together, they clearly indicate that Congress was aware of a situation where the statute might have run before the enactment of the Act and made provision therefor in subsection (b) (2). If the statute had run before the enactment of the Act and the tax had been assessed against the taxpayer, a period of six years was provided for assessment against the transferee, except that in any event it must be made within a year after the passage of the Act. Having made specific provision for cases in which the period for assessment had expired before the passage of the Act indicates an intention of Congress not to make the Act, where the period had expired, apply to other cases than those specifically provided for in subsection (b) (2).

Section 280 (b) (1) taken alone does not in specific language refer to cases where the statute had already barred the right of assessment and collection before the enactment of the Act. To make it

so applicable would give it a retrospective effect and construe it as extending a limitation period already expired. The Supreme Court has repeatedly said that words in a statute ought not to be given a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them or unless the intention of the legislation can not be otherwise satisfied. *United States* v. *Magnolia Petroleum Co.*, 276 U. S. 160; *United States* v. *Barr*, 159 U. S. 78; *United States* v. *American Sugar Co.*, 202 U. S. 563.

The same rule has been applied uniformly with respect to statutes of limitation. *Richards* v. *Carpenter*, 261 Fed. 274; *Russell* v. *United States*, 278 U. S. 181.

In our opinion section 280 (b) (1) is applicable only to cases where the statute of limitations had not barred assessment against the taxpayer prior to the passage of the 1926 Act.

Since the statutory period had already expired against the taxpayer in this case before the passage of the 1926 Act, it is our opinion that the liability can not now be assessed or collected from the petitioner.

In view of our conclusions, it is not necessary to discuss the other questions involved.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

PHILLIPS dissents.