*189 OPINION.
Phillips:
The petitioner contends that it should not be held liable for the deficiency here in question, because (1) section 280 of the Revenue Act of 1926 is unconstitutional; (2) the proposed assessment is barred by the statute of limitations; and (3) no liability of petitioner in law or in equity has been shown to exist.
The question of the unconstitutionality of section 280 of the Revenue Act of 1926 was urged in Henry Cappellini et al., 14 B. T. A. 1269. What was said in that case is applicable here. We there held that where a transferee had invoked the provisions of this section by appealing to the Board, he was precluded in such proceeding from questioning its validity.
On March 2, 1920, the White Eagle Petroleum Co. filed a form of corporation income and profits-tax return. There was attached to this form, and forming a part of it, an affidavit signed by the president and assistant secretary of the corporation and having affixed to it the corporate seal. This affidavit recited that the taxpayer had had no transactions during the year ending December 31, 1919; that it had no assets or liabilities and was permanently out of business. This document was intended by the taxpayer as a return and was so treated by the Commissioner from the time of its receipt by him in 1920 up to the time he filed his amended answer to the petition for redetermination in 1929. The schedule attached to the return gives the Commissioner all the information which could have been obtained had the word “ none ” been written in on the form after each item of income listed. We think the document filed by the White *190 Eagle Petroleum Co. March 2,1920, was a return within the meaning of the Revenue Act. It is not claimed that there was any fraud involved.
On December 11, 1924, the White Eagle Petroleum Co. by its president executed a so-called waiver consenting to the extension, for the period of one year, of the time within which assessment and collection of the amount of income, excess-profits, or war-profits taxes due under any return for 1919 made by it or in its behalf, might be made. This consent was received by the Bureau of Internal Revenue and purports to have been signed on behalf of the Commissioner by an authorized agent on or about March 13, 1925, more than five years after the original return was filed and after the statute had run on assessment and collection of the tax. The petitioner contends that this instrument is invalid because it was not executed by the Commissioner or, if it was, the execution took place after the statute had run. We find it unnecessary to pass on either contention. If it was valid it did not extend the period for assessment and collection beyond March 2,1926.
The White Eagle Petroleum Co. was dissolved on or about January 17, 1925. Thereafter on January 21, 1926, an instrument purporting to extend the time to December 31, 1926, within which the assessment of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the White Eagle Petroleum Co. for the year 1919 might be made, was executed by R. R. Irwin, purporting to act as vice president of the White Eagle Petroleum Co., and the corporate seal of that company was affixed. This was received in the engineering division of the Bureau of Internal Revenue on January 25, 1926. Petitioner questions the effectiveness of this instrument on several grounds, the only one which we find it necessary to consider being whether it was executed by the taxpayer. It was signed “White Eagle Petroleum Company, taxpayer, by R. R. Irwin, vice president.” The last corporate election of the company was held March 3,1919. At that meeting R. R. Irwin was elected vice president of the company. Thereafter the officers held over until the dissolution of the corporation.
Section 17-808 of the Revised Statutes of Kansas, 1923, provides as follows:
Directors as trustees in eases of dissolution; their powers and duties. Upon the dissolution of any corporation already created by or under the laws of this state, unless a receiver is appointed by some court of competent authority, the president and directors, or managers of the affairs of the corporation, at the time of the dissolution, by whatever name they may be known in law, «hall he trustees of the creditors and stockholders of such corporation, with. *191 full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them, and for this purpose they may maintain or defend any judical proceeding.
The record does not disclose the appointment of a receiver, and since the corporation had no assets and the minutes of the dissolution meeting recite that it had no liabilities, such a proceeding would have been unnecessary.
The return of the taxpayer was signed March 2, 1920. The assessment of the deficiency here in question was made December 31, 1926. These facts are evidence of the petitioner’s allegation that the assessment was barred by the statute of limitations. Petitioner having made its prima facie case, the burden rested upon respondent to show that the statute had not run. Farmers Feed Co., 10 B. T. A. 1069. A necessary step was to establish that the instrument dated January 21, 1926, was executed by the parties having authority to act for and bind the dissolved corporation. We had occasion to consider a similar situation in Jonathan Godfrey, 18 B. T. A. 775, and there held that the burden was on the respondent of proving that the agreement which he alleges and upon which he relies as extending the period for assessment is validly executed.
We have been unable to find any decisions of the courts of Kansas which would aid us in determining the manner in which the trustees in dissolution are to act for the corporation. The generally accepted law is that any action by trustees must be authorized by a majority and we see no reason to doubt that such is the proper construction of the Kansas statute. • We have examined the record in vain for any evidence which might establish that execution of the instrument dated January 21, 1926, signed by R. R. Irwin after the dissolution of the corporation, was authorized by the trustees or that Irwin had general or special authority to act for them in this matter. It should be noted that the instruments executed before dissolution were signed by the president of the corporation.
Upon authority of our decision of Jonathan Godfrey, supra, and the cases therein cited, we find that the assessment of the deficiency here in question was barred by the statute of limitations prior to December 31,1926. It is unnecessary to consider whether petitioner was a transferee of the assets of the taxpayer within section 280 of the Revenue Act of 1926.

Decision will he entered for petitioner.