EQUITABLE GAS COMPANY, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 29475. Promulgated April 22, 1931.

*Frank C. Miller, C. P. A.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner sent the petitioner a notice under
section 280 of the Revenue Act of 1926 stating " there is proposed
for assessment against you the amount of $10,448.32, constituting
your liability as transferee of the assets of the Peoples Natural
Gas & Pipeage Company, Pittsburgh, Pennsylvania, for the years
1917 and 1918, and the period ended May 31, 1919, as shown in the
attached statement and accompanying schedules." The statement
showed deficiencies as follows:

| | |
|---|---:|
| 1917 | $680.14 |
| 1918 | 371.70 |
| To May 31, 1919 | 9,396.48 |
| Total | 10,448.32 |

At the hearing the parties entered into a stipulation in part as
follows:

The respondent now admits that [instead of the deficiencies determined]
\* \* \*. there is an overpayment in favor of the Peoples Natural Gas &
Pipeage Company amounting to $389.62 for the year 1917, an overpayment of
$6,896.32 for the year 1918 and a deficiency of $7,180.48 for the period
beginning January 1, 1919 and ending May 31, 1919.

The petitioner makes two contentions. A decision favorable to
the petitioner on either of these contentions will completely dis-
pose of this case. The first contention is that the Peoples Natural
Gas & Pipeage Company was not liable for any income and profits
taxes on July 20, 1923, and therefore, no liability attaches to the
petitioner, transferee of the assets of that taxpayer. The second is,
that the statute of limitations bars the assessment and collection of
the deficiency for the period in 1919 as to both the taxpayer and the
petitioner transferee.

The parties entered into a stipulation, which by reference is
made a part hereof. The petitioner concedes that assets of the tax-
payer having a value in excess of the deficiency now proposed for the
1919 period were transferred to it in 1923, at which time it acquired
all of the assets and assumed all of the liabilities of the taxpayer.
The following is from the stipulation:

The Peoples Natural Gas and Pipeage Company, a corporation organized
under the laws of the Commonwealth of Pennsylvania, was legally dissolved

on July 20, 1923, and all of its assets were transferred to the Equitable Gas Company, a corporation organized under the laws of the Commonwealth of Pennsylvania. After said assets were transferred, the said Peoples Natural Gas and Pipeage Company was without any assets whatsoever, and there are no assets of the Peoples Natural Gas and Pipeage Company from which the respondent could collect the deficiencies hereinafter referred to.

*　　　*　　　*　　　*　　　*　　　*　　　*

On May 8, 1920, there was filed within the time prescribed by law as extended a final corporation income and profits tax return for the calendar year 1919 by the aforesaid Philadelphia Company, which was a consolidated return, and the Peoples Natural Gas and Pipeage Company was included therein as an affiliated company.

On March 10, 1920, Treasury Form 1122 entitled "Information return of subsidiary or affiliated corporation," was filed with the Collector of Internal Revenue, Pittsburgh, Pennsylvania, by the Peoples Natural Gas and Pipeage Company, said Treasury Form being attached hereto and made part of this stipulation as Exhibit 1.

The Commissioner of Internal Revenue determined that from January 1, 1919 to May 31, 1919, the aforesaid Peoples Natural Gas and Pipeage Company was not entitled to be consolidated with the Philadelphia Company under the provisions of the Revenue Act of 1918, but did determine that from June 1, 1919 to December 31, 1919, the aforesaid Peoples Natural Gas and Pipeage Company was entitled to consolidation and affiliation with the aforesaid Philadelphia Company.

No returns other than the ones mentioned herein were filed by the aforesaid Peoples Natural Gas and Pipeage Company either for the period beginning January 1, 1919 and ending May 31, 1919, or for the period beginning June 1, 1919 and ending December 31, 1919.

In the deficiency notice dated May 24, 1927, a true and correct copy of which is attached to the petition marked Exhibit "A", the Commissioner determined the tax liability of the Peoples Natural Gas and Pipeage Company through a pro-ration of the net taxable income for the calendar year 1919 as reflected in the returns filed as aforesaid. This pro-ration was based upon the portion of the calendar year for the period from January 1, 1919 to May 31, 1919, and the portion of the calendar year from June 1, 1919 to December 31, 1919.

Attached to and made a part of the stipulation were, *inter alia*, two papers relating to the taxpayer's tax liability for 1919, each entitled "Income and Profits Tax Waiver," and each signed on behalf of the Commissioner. One was dated November 10, 1924, and was signed "The Peoples Natural Gas and Pipeage Co. Equitable Gas Company—Successor. Taxpayer, by A. W. Thompson, President." The other, dated November 13, 1925, was signed "The Peoples Natural Gas & Pipeage Company Equitable Gas Company, Successor. Taxpayer, by A. Hurlburt, Vice President." Each bore the seal of the Equitable Gas Company and was attested by the secretary or assistant secretary of that company. The one purported to extend the period prescribed by law for determination, assessment and collection due under any return made by or on behalf of the taxpayer for the year 1919 for a period of one year after the expiration of the statutory period of limitation. The second

purported to waive the time prescribed by law for making any assessment of taxes due under any return made by or on behalf of the taxpayer for the year 1919 until December 31, 1926. A. W. Thompson, who signed the one paper, was president and a member of the board of directors of the Peoples Natural Gas & Pipeage Company at the time of its dissolution on July 20, 1923. A. Hurlburt, who signed the other paper, was a member of the board of directors of the Peoples Natural Gas & Pipeage Company at the time of its dissolution on July 20, 1923.

These two papers are not effective to extend the statutory period for assessment and collection of the taxes in question here. They were signed after the taxpayer had been dissolved and it does not appear that the signers had any authority or purported to have any authority to sign or consent for the dissolved corportion, the taxpayer. *Bamberg Cotton Mills*, 8 B. T. A. 1236; *California Iron Yards Co.*, 15 B. T. A. 25; *Carnation Milk Products Co.*, 15 B. T. A. 556; *T. W. Warner Co.*, 19 B. T. A. 872. The statutory period for assessment and collection of these taxes expired not later than May 9, 1925, and the notice under section 280 mailed on May 4, 1927, was too late. Cf. *Stetson & Ellison*, 11 B. T. A. 397; affd., 43 Fed. (2d) 553.

The result of the respondent's admission in the stipulation is that for the period covered by the notice to the transferee there is a net overpayment of $105.46 instead of a total deficiency of $10,448.32. The petitioner contends that there was therefore no tax liability on the part of the taxpayer on June 20, 1923, for any taxes here in question and the respondent has failed to prove that the petitioner is liable as a transferee of property of the taxpayer for any taxes. The solution of this question might depend upon the taxpayer's enforceable right to credit or refund of the overpayments and upon the question of whose burden it was in this case to show the existence or nonexistence of this right at the appropriate date, whatever that date might be. In view of our holding on the statute of limitations, we need not decide this question.

*Judgment of no liability will be entered.*