MORNING SUN PUBLISHING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62196. Promulgated October 17, 1934.

*Frank Mergenthaler, Esq.*, for the petitioner.
*I. Graff, Esq.*, for the respondent.

358

OPINION.

Adams: The sections of the Revenue Act of 1928 applicable to this case are set out in the margin.[1]

In this case the returri of the taxpayer for 1928 was filed March 15, 1929. The two-year period of limitation expired on March 15, 1931. Prior to such expiration and on December 31, 1930, a waiver

---

[1] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

Except as provided in section 276—

(a) *General rule.*—The amount of income taxes imposed by this title shall be assessed within two years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

\*      \*      \*      \*      \*      \*      \*

SEC. 276. SAME—EXCEPTIONS.

\*      \*      \*      \*      \*      \*      \*

(b) *Waivers.*—Where before the expiration of the time prescribed in section 275 for the assessment of the tax, both the Commissioner and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

\*      \*      \*      \*      \*      \*      \*

was signed by one of the trustees in dissolution and by the Commissioner extending the period for assessment of taxes for 1928 to December 31, 1931.

The single question before us is as to the validity of the waiver. The petitioner contends that the waiver is invalid and was, therefore, ineffective to extend the period of limitation as provided by section 275(a). The respondent contends that the waiver is valid, and, therefore, the statutory period for assessment of tax by such waiver was extended to December 31, 1931, and that the mailing of a notice of deficiency to the petitioner within that period by the Commissioner had the effect of extending the statutory period of limitation until such time as there is a final decision by the Board and for 60 days thereafter.

It is the contention of the petitioner that under the laws of the State of California relating to dissolved corporations all of the trustees must unite in any act which is binding upon the trust property; that in the instant case the waiver was not signed by all of the trustees, but by a single trustee who had no express authority from the other trustees to sign the waiver.

Section 400 of the Civil Code of the State of California, in force at the time the waiver in question was executed, provides as follows:

Unless other persons are appointed by the court, the directors or managers of the affairs of a corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved, and have full powers to settle the affairs of the corporation, collect and pay outstanding debts, sell the assets thereof in such manner as the court shall direct, and distribute the proceeds of such sales and all other assets to the stockholders. Such trustees shall have authority to sue for and recover the debts and property of the corporation, and shall be jointly and severally personally liable to its creditors and stockholders or members, to the extent of its property and effects that shall come into their hands * * *.

Under this statute the directors of the petitioner corporation became its trustees in dissolution.

Section 2268 of the Civil Code of California provides as follows:

Where there are several co-trustees, all must unite in an act *to bind the trust property* unless the declaration of trust otherwise provides. [Emphasis supplied.]

Petitioner contends this provision of the California Code makes the waiver in question invalid. We do not think so. As we construe that statutory provision, it was intended to prohibit the trustees from alienating the property of the trust except where all the trustees joined in and consented to such action. We think the authorities cited by petitioner on this question are not applicable. The signing of the waiver in this case imposed no new obligation on the corporation, nor alienated any of its assets. A waiver was necessary to

postpone assessment until the corporation could by audit check the revenue agent's report. Such waiver was for the benefit of the corporation. Its execution by a single trustee was a ministerial or clerical function of such trustee acting within the scope of his authority.

C. M. Jordan was elected secretary and treasurer of the trustees in dissolution. He signed the income tax return of the petitioner for the year 1928. He was the trustee who signed the protest on behalf of the corporation to the findings of the revenue agent in his original audit. All matters pertaining to petitioner's income matters were referred to Jordan. The Board and the courts have repeatedly held that a secretary of a corporation has at least implied authority to sign papers in behalf of the corporation.[2]

In *United States* v. *Kemp*, 12 Fed. (2d) 7, the validity of a waiver by a dissolved Texas corporation was before the court. The laws of Texas contain a provision relative to dissolved corporations similar to section 400 of the Civil Code of California. The waiver in that case was executed by the former president and the former secretary of the corporation, who constituted two of the four directors at the time of dissolution. The Circuit Court of Appeals for the Fifth Circuit in that case said:

When the president and secretary of the board of directors of a corporation acts and it is not shown that the other directors protested or objected, the presumption may be indulged that they acquiesce. That presumption is very strong in this case as the corporation received a substantial benefit by the audit following the execution of the waiver. At the time of the report of April, 1922, prescription against suit had not run as the Government had five years after the filing of the 1917 return in which to adjust it and bring suit. Had the waiver not been signed, suit would have been filed at that time, based on the first audit.

Under the facts here we hold that Jordan was authorized to execute the waiver and the same is valid. He was authorized to execute it by all the trustees in dissolution, except A. C. Ripley, who was absent at the time.[3]

The petitioner in effect admits that if the waiver is valid, the findings of the Commissioner should be affirmed. We having so found,

*Decision will be entered for the respondent.*

[2] See *Welz & Zerweck, Inc.*, 11 B.T.A. 1416; *Independent Ice & Cold Storage Co.*, 15 B. T. A. 52; affd., 50 Fed. (2d) 31; *Carey Mfg. Co.* v. *Dean*, 58 Fed. (2d) 737, affirming 43 Fed. (2d) 369; certiorari denied, 287 U.S. 623; *Hammond* v. *Carthage Sulphite Pulp & Paper Co.*, 34 Fed. (2d) 155; *L. J. Christopher Co.*, 13 B.T. A. 729; affd., 55 Fed. (2d) 530.

[3] *Charles D. Jaffee*, 17 B.T.A. 675; affd., 45 Fed. (2d) 679; certiorari denied, 283 U.S. 853; *Commissioner* v. *Godfrey*, 50 Fed. (2d) 79; *Wells-Elkhorn Coal Co.*, 27 B.T.A. 198; *J. A. McPherson*, 22 B.T.A. 390; affd., 67 Fed. (2d) 751; *J. C. Hunt*, 15 B.T.A. 1388; reversed, 45 Fed. (2d) 781; *Warner Collieries Co.* v. *United States*, 63 Fed. (2d) 34; *Monarch Mills* v. *Jones*, 59 Fed. (2d) 502; *California Iron Yards Co.* v. *Commissioner*, 47 Fed. (2d) 514; *Commissioner* v. *Angier Corp.*, 50 Fed. (2d) 887.