**KRUEGER et al. v. UNITED STATES.**

No. 4915.

District Court, D. New Jersey.

April 29, 1940.

Edward R. McGlynn, of Newark, N. J. (Albert Hubschman, of New York City, Earl W. Shinn, of Washington, D. C., of counsel), for plaintiffs.

William F. Smith, Acting U. S. Atty. and B. Thorn Lord, Asst. U. S. Atty., both of Trenton, N. J., Robert J. Clendenin and Paul R. Russell, Sp. Assts. to Atty. Gen., for defendant.

FAKE, District Judge.

The plaintiffs in this action are the surviving trustees in liquidation of the United States Brewing Company, a dissolved corporation. They seek to recover from the defendant, the United States Government, certain large sums of money alleged to be overpayments of corporate income taxes and interest thereon, covering the periods and for the amounts set forth in the findings of fact.

The entire controversy pertains to the validity of certain consents or waivers which were filed for the purpose of tolling the running of the statute of limitations relating to the assessment of the taxes in question. See Section 278(c) of the Revenue Acts of 1924 and 1926, 26 U.S.C.A.Int.Rev.Acts, pages 60, 209.

The waivers were executed as follows: "United States Brewing Co. In liquidation, 75 Belmont Avenue, Taxpayer by Wm. C. Krueger, Vice Pres." and attested by "Hugo Boepple, Jr., Asst. Secty." with an impression of the corporate seal of the dissolved corporation annexed and the signature of the Commissioner.

The Commissioner relying upon the validity of the waivers, allowed the statutory periods to elapse and made the assessments within the times extended by the language of the waivers. Before he accepted the waivers he had knowledge that the corporation was dissolved and that the directors were acting as trustees in liquidation.

The validity of the waivers depends upon the law of the State of New Jersey pertaining to the subject, and in this connection the Corporation Act, L. 1896, ch. 185, p. 295, Sec. 54, as amended by L. 1910, ch. 36, p. 51, Sec. 1, N.J.S.A. 14:13–5, provides that upon dissolution the directors shall be trustees of the corporation, and while the act does not expressly so state, it necessarily follows that they became vested with the legal title to the corporate assets. In Trustees of Sea Isle City Realty Co. v. First National Bank of Ocean City, 87 N.J.Eq. 84, 99 A. 929, 930, Vice Chancellor Leaming held "* * * the effect of the provisions is to fasten the debts of the corporation upon its property at the moment of dissolution to exactly the same extent as though by express terms of the statute the legal title of the assets, as distinguished from the equitable title, had at that moment been made to pass to the trustees for the purposes of a trust for equal distribution." In this view I fully agree. Section 73 of the aforesaid act, N.J.S.A. 14:14–8, provides that "Every matter and thing by this act required to be done by receivers or trustees shall be good and effectual, to all intents and purposes, if performed by a majority of them; * * *."

Section 54 of the Corporation Act further provides that the trustees on dissolution of the corporation "shall have power to meet and act under the by-laws of the corporation, and, under regulations to be made by a majority of said trustees, * * *." There is nothing in the record here, however, which would show that any action was taken with relation to waivers by the trustees under the above provisions, and the trustees' denial that any concerted action, specifically bearing upon the waivers, was ever taken by them, stands undenied on the record. See In re Delaware, etc., R. R. Co., 76 N.J.L. 163, 68 A. 1104.

At the time of the execution and delivery of the waivers herein, the trustees were vested with such rights as the Revenue Acts afforded them, and among these was the right to waive the running of the statutory period of limitation. This right was vested in them jointly and not severally. Pomeroy in his work on equity says: "The office of a trustee is one of personal confidence, and cannot be delegated. A trustee, therefore, unless expressly authorized by the instrument of

trust, cannot delegate, or transfer, or intrust, in whole or in part, his power of discretion and management to any associate, subordinate, or assistant who takes his place and assumes his responsibility." (Section 1068.) In the next section 1069, he says: " * * * so on the same principle he cannot idly yield or surrender the entire control of the trust property and exercise of the trust functions to his co-trustees, when he is associated in the trust with others." These rules, however, do not prohibit trustees from employing agents to act in purely administrative matters. These principles are so well established in New Jersey that they need no citation to strengthen them here.

The delivery of valid waivers in this case required something more than mere administrative power. It required the exercise of discretionary judgment after a careful consideration of the law and the facts bearing upon the subject. The record discloses that none of the trustees, save only the one who signed the waivers, had any knowledge whatever of their execution and delivery, until long after the assessments were made. Such being the situation, it is my conclusion that the waivers are void because they were not signed by all or a majority of the trustees.

It would be indeed a very dangerous proposition to hold that one of several trustees could bind an estate by a waiver of a statute of limitations. Once that step is taken, the safeguards, which long experience has placed around the trust relationship, fall away and the rights of cestui que trustants are frustrated.

It can not be successfully argued that the plaintiffs here are estopped from taking advantage of the invalidity of the waivers, since the defendant was fully appraised of the facts and charged with knowledge of the limits placed upon the powers of trustees in liquidation by the New Jersey Corporation Act.

The plaintiffs cite, among others, the following cases holding waivers invalid: Southwestern Investment Co. v. Comm., 19 B.T.A. 30; White Eagle Oil & Refining Co. v. Comm., 19 B.T.A. 185; Farmers & Planters Tobacco Warehouse Company v. Comm., 22 B.T.A. 1331; Equitable Gas Company v. Comm., 22 B.T.A. 1268; T. W. Warner Co. v. Comm., 19 B.T.A. 872; D. J. Gay v. Comm., 31 B.T.A. 580; Bamberg Cotton Mills Co.

v. Comm., 8 B.T.A. 1236; Barron-Anderson Co. v. Comm., 17 B.T.A. 686. The reasoning in these cases, while not directed to the New Jersey Corporation Act, is in line with my own thought as hereinbefore expressed. There is no case that I have been able to find bearing directly on the New Jersey law.

The defense offers, among others, the following cases alleged to lean toward the validity of the waivers herein: Morning Sun Publishing Co. v. Comm., 31 B.T.A. 356; United States v. Kemp, 5 Cir., 12 F.2d 7; Monarch Mills v. Jones, 4 Cir., 59 F.2d 502; Jaffee v. Commissioner, 2 Cir., 45 F.2d 679; Commissioner v. Godfrey, 2 Cir., 50 F.2d 79; Commissioner v. Angier Corp., 1 Cir., 50 F.2d 887, and Lucas v. Hunt, 5 Cir., 45 F.2d 781. To the extent that the reasoning in the foregoing cases may be at variance with my reasons and conclusions above stated, I disagree with them, and in the absence of a decision in this Circuit I am free to disregard them.

Judgment will be entered in conformity herewith.