DAVIS, DIRECTOR GENERAL OF RAILROADS, AS
   AGENT OF THE UNITED STATES, *v.* CORONA
   COAL COMPANY.

CERTIORARI TO THE COURT OF APPEAL OF THE PARISH OF
            ORLEANS OF THE STATE OF LOUISIANA.

No. 819.  Argued May 5, 1924.—Decided May 26, 1924.

An action by the Director General of Railroads, in a state court, to recover for damage done to a railroad wharf while it was under federal control, is not subject to the state statute of limitations.  Cf. *Dupont De Nemours & Co.* v. *Davis,* 264 U. S. 456.  P. 222.
Reversed.

CERTIORARI to a judgment of the Court of Appeal of the Parish of Orleans, Louisiana, (which the Supreme Court of the State declined to review,) sustaining the defense of prescription in an action for damages brought by the Director General of Railroads.

*Mr. Harry McCall,* with whom *Mr. George Denégre, Mr. Victor Leovy, Mr. Henry H. Chaffe, Mr. Jas. Hy. Bruns, Mr. E. L. Gladney, Jr., Mr. A. A. McLaughlin* and *Mr. Sidney F. Andrews* were on the brief, for petitioner.

*Mr. Richard B. Montgomery,* for respondent, submitted.

In Louisiana, the forum governs prescription, even on a judgment of another State. *Brown* v. *Stone,* 4 La. Ann. 235; *Taylor* v. *Hadden,* 7 La. Ann. 272.

The Supreme Court of Louisiana has found no distinction, as to prescription for torts, between public ministerial officers and private individuals. *New Orleans* v. *Southern Bank,* 31 La. 567.

Where a government goes into business in concert, or in competition, with its citizens, or where the mischiefs to be remedied are of such a nature that the State must be necessarily included, the statutes of limitations run against the government. *Calloway* v. *Cossart,* 45 Ark. 88.

The law providing for the taking over of the railroads temporarily by the Government undoubtedly intended the railroads to run as private business and that the Government should not take advantage of its position as a Government to advantage it in dealings with individuals. And in this case the defendant was engaged in the business of the railroad—that is, in landing and removing steamships to load or deliver railroad freight at its own wharf.

The Act of March 21, 1918, c. 25, § 10, 40 Stat. 451, provides: (1) That carriers, while under federal control, are subject to all laws and liabilities as common carriers, except (and this is the only exception) those inconsistent with the act or any other act applicable to federal control or with any order of the President. (2) That actions at law and suits in equity may be brought by and against such carriers and judgments rendered as now provided by

law. (3) That in any action at law or suit in equity against the carrier "no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal Government."

This certainly means that the Government is to be in the place of the private owner of the railroad and subject to all existing laws governing the business relations of the railroads, and subject to the same suits and judgments. And it means that, in all actions for or against the carrier, the carrier cannot use the defense that it is an instrumentality or agency of the Government; and this would cover the defense to a plea of prescription. The Government, in taking over the railroads, intended that they should be governed by the laws exactly as when run by private individuals, and it was not intended that the people dealing with the railroads should in one particular alone—and that a most unfair and unjust particular—be met with the defense that the railroad is an agency of the Government, in the case of a plea of prescription.

Matters of taxation, matters essentially governmental, have no bearing on this case.

When the Federal Government, through its representatives, voluntarily invokes the aid of the state court, the state law, as to prescription, not the federal law, prevails.

MR. JUSTICE HOLMES delivered the opinion of the Court.

On March 3, 1923, the Director General of Railroads sued the respondent Coal Company in a City Court ·of New Orleans, for damages done by it to a railroad wharf on January 9, 1920, while the wharf was under federal control. The Coal Company pleaded the prescription of one year under the statutes of Louisiana. Civil Code, Art. 3536. This defence was upheld by the City Court and by the Court of Appeal and a review was denied by the Supreme Court on the ground that the ruling below

was correct. A writ of certiorari was granted by this Court.

In *Dupont De Nemours & Co.* v. *Davis*, 264 U. S. 456, it was held that the Director General was not barred by the statutes of the United States in an action on behalf of the United States in its governmental capacity to recover upon a liability arising out of his control. The familiar rule was repeated that the United States should not be held to have waived any sovereign right or privilege unless it was plainly so provided. The reasoning of that case excludes the notion that there was any intentional waiver by the United States of its sovereign right to collect its claims, irrespective of any statute, " as soon as practicable." The provisions of § 10 of the Federal Control Act of March 21, 1918, c. 25, 40 Stat. 451, 456, subjecting carriers " to all laws and liabilities as common carriers, whether arising under State or Federal laws or at common law, except " &c., rightly was said by the counsel for the petitioner to do no more than subject operations of the carriers to existing laws, not to adopt from the States their several limitations to suits that this Government might bring, while the United States applied no limitations of its own. The distinction in the statute between carriers and the Government is pointed out in the above cited case. Also it is established that a state statute of limitations cannot bar the United States, at least when a suit is brought in the United States courts. *United States* v. *Thompson*, 98 U. S. 486. *United States* v. *Nashville, Chattanooga & St. Louis Ry. Co.*, 118 U. S. 120. *Chesapeake & Delaware Canal Co.* v. *United States*, 250 U. S. 123, 125. The only question that requires a further word is whether the Courts below were right in thinking that the *lex fori* imposed a different rule if the United States saw fit to sue in a state court.

Perhaps it was not quite fully remembered that the laws of the United States are a part of the *lex fori* of a

State. But however that may be, it has been decided by a series of cases that when the courts of a State are given general jurisdiction over a certain class of controversies the power of the State over its own courts cannot be used to exclude a party from what otherwise is a constitutional right. *International Textbook Co.* v. *Pigg,* 217 U. S. 91, 111. *Kenney* v. *Supreme Lodge of the World,* 252 U. S. 411, 415. *Missouri ex rel. Burnes National Bank* v. *Duncan, ante,* 17. If the section of the Louisiana Code after the limitation that it expresses went on to say that the United States is forbidden to sue in the courts of the State upon such claims over a year old, although but for this limitation it might, the exception could not be maintained. But we hardly believe that if the matter were baldly presented the Code would be construed in that way. The ruling below was based upon the belief, since shown to be mistaken, that the United States had waived its immunity from the state laws.

*Judgment reversed.*