## UNITED STATES v. PORTO RICO FRUIT UNION.

(Circuit Court of Appeals, First Circuit. June 8, 1926.)

No. 1883.

1. **Shipping** 3½, New, vol. 8A Key-No. Series—**Pleading in libel suit for recovery of freight shipped through an agent acting for United States held to show that shipment was on one of boats requisitioned by United States** (Act June 15, 1917, § 1 [Comp. St. 1918, § 3115¼6d]).

Pleading in libel suit for recovery of freight shipped on steamship through agent acting for the United States *held* to show that the steamship was one of the boats requisitioned by the United States under Act June 15, 1917, § 1 (Comp. St. 1918, § 3115¼6d).

2. **Admiralty** 59.

Pleadings in admiralty are to be liberally construed. .

3. **War** 2.

Local statute of Porto Rico or of any state cannot stand as a bar to effective exercise of war power of the national sovereign.

4. **War** 14—**Government has right to requisition shipping for use for war purposes and to conduct commercial transportation through such agencies.**

Government has right to requisition shipping for use in whole or in part for direct war purposes, and to conduct directly or indirectly through such agencies commercial transportation.

5. **Limitation of actions** 11(1)—**Porto Rican statutes of limitation held not a bar to libel by United States to recover freight on fruit shipped on steamship operated by United States** (Code of Commerce of Porto Rico, art. 951 [Rev. St. Porto Rico 1913, § 8510]; Act June 15, 1917, § 1 [Comp. St. 1918, § 3115¼6d]; Act Oct. 6, 1917 [40 Stat. 345]; Act July 1, 1918 [40 Stat. 651]; Act July 18, 1918 [40 Stat. 913]).

Code of Commerce of Porto Rico, art. 951, *held* not a bar to libel by the United States for recovery of freight on fruit shipped on steamship operated by the United States under authority of Act June 15, 1917, § 1 (Comp. St. 1918, § 3115¼6d), Act Oct. 6, 1917, Act July 1, 1918, and Act July 18, 1918.

6. **Equity** 85—**Limitation of actions** 11(1).

Statutes of limitation and pleas of laches do not avail against the United States, suing in governmental capacity.

7. **Shipping** 3½, New, vol. 8A Key-No. Series—**United States, in taking over and operating ships in sovereign capacity as war measure, cannot be held to have waived sovereign right or privilege, unless so provided in congressional enactments** (Act June 15, 1917, § 1 [Comp. St. 1918, § 3115¼6d]).

When taking over and operating ships under Act June 15, 1917, § 1 (Comp. St. 1918, § 3115¼6d), United States did so in its sovereign

12 F.(2d)—61

capacity as a war measure, and cannot be held to have waived any sovereign right or privilege, unless plainly so provided in congressional enactments. .

Appeal from the District Court of the United States for the District of Porto Rico; Odlin, Judge.

Libel by the United States against the Porto Rico Fruit Union. Decree of the United States District Court of Porto Rico dismissing the libel, and libelant appeals. Reversed and remanded.

George R. Farnum, of Boston, Mass., and Clinton M. Hester, of Washington, D. C. (John L. Gay, of San Juan, Porto Rico, on the brief), for the United States.

O. B. Frazer, of San Juan, Porto Rico, for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an appeal from an order of the United States District Court of Porto Rico, sustaining an exception to and dismissing a libel in admiralty filed by the United States against the Porto Rico Fruit Union.

This libel was filed January 21, 1924, to recover freight on fruit shipped on the steamship Carolina, on May 28, 1918, "delivered to libelant (the United States), acting by and through the New York & Porto Rico Steamship Company." The bill of lading attached to the libel provided, in effect, that the shipper should assume all war risks, and that the freight should be payable, even if the goods and vessel were lost.

The Carolina was sunk by a German submarine, and the vessel and cargo were a total loss.

The exceptions to the libel involve two contentions:

(1) No cause of action stated.

(2) Any existing cause of action is barred by limitation and laches.

1. The libelee's first contention arises under Civil Code of Porto Rico, § 1619, as follows:

"When an agent acts in his own name, the principal shall have no action against the persons with whom the agent has contracted, nor the said persons against the principal."

The court below sustained this exception, on the authority of Lastra v. New York & Porto Rico Steamship Co., 2 F.(2d) 812, in which this court held that under the Organic Act (39 Stat. 951) the admiralty provisions

of the United States Constitution had not been so far extended to Porto Rico as to prevent the enforcement there of the Porto Rican Workmen's Compensation Act. But that question was fundamentally different from the present question. The question now presented is whether the United States, as plaintiff, is deprived of its right to sue as undisclosed principal, when, under its war powers, it had requisitioned the Carolina and was the real party in interest. It is conceded that, unless section 1619, supra, prevents, the United States might under common-law principles sue in its own name.

To appreciate the real standing of the United States in this matter, it is necessary to recall that this shipment was during the World War, and that the allegation of the libel, supra, that the goods were delivered to the United States, "acting by and through the New York & Porto Rico Steamship Company," means that the government had requisitioned this vessel under its war powers. The court below was probably misled by the meagerness and inartificiality of the pleading in that regard.

By the emergency shipping fund provision in the Act of June 15, 1917, 40 Stat. 182 (Comp. St. 1918, § 3115⅛d), authority was given to the president:

"To purchase, requisition, or take over the title to, or the possession of, for use or operation by the United States any ship now constructed or in the process of construction or hereafter constructed."

Other pertinent provisions authorize these broad powers to be exercised through the Shipping Board and make the net proceeds derived from such war activities funds to be deposited in the treasury as government moneys. Compare Acts of October 6, 1917 (40 Stat. 345), July 1, 1918 (40 Stat. 651); and July 18, 1918 (40 Stat. 913).

[1, 2] It is unnecessary to refer to the executive orders made pursuant to these broad delegations of war power to the President. Although, as noted above, the pleading in this libel is, as to this point, meager and inartificial, there can be no doubt that the Carolina was one of the boats requisitioned under these orders. At any rate, if there be doubt of our power to take judicial notice of the executive orders and other official acts under these statutes (Caha v. United States, 152 U. S. 211, 221, 14 S. Ct. 513, 38 L. Ed. 415) an appropriate amendment to the libel would of course be allowed. Pleadings in admiralty are to be liberally construed. The Merino,

9 Wheat. 391, 6 L. Ed. 118. We therefore deal with the case on its merits.

So dealing, it is plain that the United States is now suing as sovereign to recover sums due the public treasury, accruing from the exercise of its war powers.

[3, 4] No local statute of Porto Rico or of any state can stand as a bar to the effective exercise of the war power of the national sovereign. Our government had an unquestioned right to requisition shipping, to use it in whole or in part for its direct war purposes, and to conduct, directly or indirectly, through such agencies or instrumentalities as it chose, commercial transportation. The right to collect freight charges was a mere incident to the government's conduct of commercial transportation while operating the Carolina for war purposes. For some of the incidents of war powers, see No. Pacific Ry. Co. v. No. Dakota, 250 U. S. 135, 149, 150, 39 S. Ct. 502, 63 L. Ed. 897; Selective Draft Law Cases, 245 U. S. 366, 38 S. Ct. 159, 62 L. Ed. 349, L. R. A. 1918C, 361, Ann. Cas. 1918B, 856; Hamilton v. Kentucky Dist. Co., 251 U. S. 146, 159, 160, 40 S. Ct. 106, 64 L. Ed. 194; Ches. & Del. Canal Co. v. United States, 250 U. S. 123, 125, 39 S. Ct. 407, 63 L. Ed. 889.

[5, 6] 2. What has been said as to the first point in effect disposes of the plea of limitation and laches.

It is immaterial whether, under the Porto Rican statutes (compare article 951, Code of Commerce of P. R. [Rev. St. Porto Rico 1913, § 8510]), the action might be barred. It is elementary that statutes of limitation and pleas of laches do not avail against the United States when suing in its governmental capacity. Davis v. Corona Coal Co., 265 U. S. 219, 222, 44 S. Ct. 552, 68 L. Ed. 987; Dupont v. Davis, 264 U. S. 456, 462, 44 S. Ct. 364, 68 L. Ed. 788; United States v. Thompson, 98 U. S. 486, 25 L. Ed. 194; United States v. Nashville, etc., R. R., 118 U. S. 120, 6 S. Ct. 1006, 30 L. Ed. 81; United States v. Beebe, 127 U. S. 338, 8 S. Ct. 1083, 32 L. Ed. 121; United States v. Whited & Wheless, 246 U. S. 552, 561, 38 S. Ct. 367, 62 L. Ed. 879.

[7] In taking over and operating ships, the United States did so in its sovereign capacity as a war measure, and it cannot be held to have waived any sovereign right or privilege unless plainly so provided in the congressional enactments. Our attention is directed to no such enactment and we know of none. Cf. Mellon, Director General, v. Mich-

igan Trust Co., 46 S. Ct. 511, 70 L. Ed. ——, decided May 24, 1926.

The decree of the District Court is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion.