## THE MESSENGER.

(District Court, S. D. Texas, at Houston. July 3, 1926.)

### No. 78.

Limitation of actions ⊜⟹11(1)—United States ⊜⟹133—Suit by United States, arising out of operation of merchant ships, is not subject to defense of laches or limitation.

A suit by the United States, arising out of its operation of merchant ships, is one brought in its sovereign capacity to enforce a public right, since any recovery is of public money, applicable to public purposes only, and such suit is not subject to the defense of laches or limitations.

In Admiralty. Suit by the United States against steam tug Messenger, Suderman & Young, Inc., claimant. On exceptions to libel on the ground of laches. Overruled.

While the United States was operating the steamship Lake Gadsden as a merchant vessel, and while said vessel was in tow of the tug Messenger in the harbor of Galveston on October 27, 1920. The Messenger and the

Lake Gadsden collided. The United States filed a libel on October 7, 1924, against the Messenger to recover damages for injury to the Lake Gadsden sustained in the collision.

H. M. Holden, U. S. Atty., of Houston, Tex., and Clinton M. Hester, Admiralty Atty. U. S. Shipping Board, of Washington, D. C.

Mart Royston, of Galveston, Tex., for respondent.

HUTCHESON, District Judge. Upon exceptions of laches and limitation.

I have carefully examined the briefs of the parties and the authorities cited, and am constrained to hold that the exceptions should be overruled.

"The principle that the United States are not bound by any statute of limitations, nor barred by any laches of their officers, * * * in a suit brought by them as a sovereign government to enforce a public right, or to assert a public interest, is established past all controversy or doubt." United States v. Beebe, 127 U. S. 338, 8 S. Ct. 1083, 32 L. Ed. 121. To the same effect are Davis v. Corona, 265 U. S. 219, 44 S. Ct. 552, 68 L. Ed. 987, Dupont v. Davis, 264 U. S. 456, 44 S. Ct. 364, 68 L. Ed. 788, and many others.

Respondent does not contest the general principle, but claims that, when the United States sues as here, to enforce a right arising out of the operation of vessels as merchant vessels, the rule is different, citing the New Windsor, 13 F.(2d) 925, 1925 A. M. C. 958, memorandum opinion by Judge Call, and The Oshkosh (D. C.) 11 F.(2d) 287, 1926 A. M. C. 16, memorandum opinion by Judge Lowell.

The opinion of Judge Lowell is accounted for by his view, which I think demonstrably unsound, that the Shipping Board stands in no better position than the Emergency Fleet Corporation. The opinion of Judge Call, I think, is influenced by the same considerations.

These cases seem to overlook the fact that, whether the United States is in business or not, any cause of action which it has for moneys must necessarily be a public right, because the United States does not and cannot hold property for private or personal purposes. Light v. U. S., 220 U. S. 523, 31 S. Ct. 485, 55 L. Ed. 570, Chesapeake Canal Co., 250 U. S. 123, 39 S. Ct. 407, 63 L. Ed. 889, where, of the defense of limitation and laches, the court said:

"Here the government is pursuing a right to recover, which is not affected by its relation to the corporation as a stockholder. * * * Since these dividends constituted 'public money' applicable to public purposes only, the government in collecting them was acting in its governmental capacity as much as if it were collecting taxes."

The United States Supreme Court, in Berizzi Bros. v. The Steamship Pesaro, 46 S. Ct. 611, 70 L. Ed. ——, decided June 7, 1926, said:

"We think the principles are applicable alike to all ships held and used by a government for a public purpose, and that when, for the purpose of advancing the trade of its people or providing revenue for its treasury, a government acquires, mans, and operates ships in the carrying trade, they are public ships in the same sense that war ships are."

In United States of America v. Porto Rico Fruit Union, 12 F.(2d) 961, opinion delivered June 8, 1926, by the United States Circuit Court of Appeals, First Circuit, the court reversed the judgment of the United States District Court of Porto Rico sustaining an exception to the right to recover freight on fruit shipped on the Steamship Carolina. The court said:

"It is elementary that statutes of limitation and pleas of laches do not avail against the United States when suing in its governmental capacity. Davis v. Corona Coal Co., 265 U. S. 219, 222, 44 S. Ct. 552, 68 L. Ed. 987. * * * In taking over and operating ships, the United States did so in its sovereign capacity as a war measure, and it cannot be held to have waived any sovereign right or privilege unless plainly so provided in the congressional enactments. Our attention is directed to no such enactment and we know of none."

This decision disposes as well of counsel's general proposition that the United States is not acting in a governmental capacity when it sues on account of its merchant shipping, as of its subordinate proposition that the statutes of the United States have expressly waived immunity as to the defenses of laches and limitation in such suit.

It is true that those statutes do provide that the United States shall be subject to all the laws, regulations, and liabilities governing merchant vessels, and that, in the act of 1920 (41 Stat. 525; Comp. St. Ann. Supp. 1923, § 1251¼ et seq.), Congress provided that, in cases where vessels belonging to the United States were privately owned and operated, a proceeding in admiralty could be maintained, and a libel in personam be brought against the United States, and that such suits shall proceed and shall be heard and determined according to the principles of law and the rules of practice obtaining in like

cases between private parties, but these provisions in no manner affect the right of the United States to be immune as a sovereign from the running of time and the defense of laches.

I think it clear, therefore, that there is nothing in the fact that the ships were operated as merchant ships, nor in any of the provisions of the admiralty acts giving the right of suit to the United States which lends any color or force to the claim that the United States appears in any other than in its sovereign capacity, or has subjected itself by law to these distinctly personal pleas.

The exceptions will be overruled.