UNITED STATES v. ALEX DUSSEL IRON WORKS, Inc.

Circuit Court of Appeals, Fifth Circuit. March 18, 1929.

No. 5325.

Edouard F. Henriques, Sp. Asst. in Admiralty to U. S. Atty., and W. I. Connelly, Atty. United States Shipping Board, both of New Orleans, La., for the United States.

Andrew M. Buchmann, Richard B. Montgomery, Richard B. Montgomery, Jr., Burt W. Henry, and A. W. Cooper, all of New Orleans, La., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from a decree of the District Court of the United States for the Eastern District of Louisiana, dismissing a libel filed by the United States against the appellee, upon an exception filed by it, upon the ground that the cause of action had become prescribed by the statute of limitations of one, two, three, four, five, and six years. Appellant asserts error in the decree of dismissal upon these grounds: (1) That no statute of limitations of Louisiana is applicable to the cause of action set out in the libel; (2) that the defense of laches is required to be presented by answer and not by an exception to the libel; (3) that the United States, suing in its own behalf and interest, is immune from the defense of laches; (4) that the same principle applies to the United States, suing on behalf of the owners of the cargo; (5) that the letter of the respondent's counsel, set out in the libel, estops the respondent from relying upon the libelant's delay in asserting its rights.

1. It is conceded by counsel for appellee that the exception inaccurately presented the defense intended, and that no period of prescription fixed by state statute could apply to the cause of action set out in the libel except by analogy. The defense intended to be asserted was laches and not prescription.

2. We think the defense of laches under the admiralty practice, as in equity, is as a rule properly presented only by answer and not by exception. This is certainly true, unless the libel on its face shows laches as a matter of law. Laches consists of two elements, inexcusable delay in instituting suit and prejudice resulting to the defendant from such delay. Its existence depends upon the equities of the case, and not merely upon the lapse of time. The libel in this case charges that the cause of action arose March 7, 1920; that demand was made April 2, 1923; and that the libel was filed April 22,

1926. It also shows that respondent, through its counsel, answered libelant's demand on April 14, 1923, by denying liability for the fire that caused the damage sought to be recovered by libelant. It also sets out libelant's efforts to locate eyewitnesses to the starting of the fire, and its inability to find any until March 5, 1926, when it first discovered an eyewitness, who would testify that the fire was caused by a heated rivet negligently dropped by an employee of respondent into the cargo of sugar on the ship of libelant. We do not think that the libel shows laches as a matter of law, unless it can be implied from the delay of six years. Differing from prescription, time alone is not enough to show laches. The circumstances and the equities of the parties must be as well considered. The Key City, 14 Wall. 653, 20 L. Ed. 896. Laches is an affirmative defense, and, unless appearing upon the face of the pleading, must be asserted by the answer of the respondent. If the exception be construed to present the defense of laches, we think it should have been presented by answer, and that the District Court erred in sustaining the exception of prescription or laches and in dismissing the libel. This results in a reversal of the decree of dismissal. As a guide to the parties in the future conduct of the case, we indicate our views as to the remaining questions.

■ 3. The libel was filed by the United States in its sovereign capacity. The United States Shipping Board Fleet Corporation was not a party to the libel. The United States is alleged to have been the owner of the steamship Sacandaga, which was injured by the fire, while it was being operated in foreign commerce, being loaded with sugar at New Orleans for Bordeaux and Havre. It is well settled that the United States suing in its sovereign capacity to recover a pecuniary loss alleged to have been negligently caused to property owned and operated by it in a governmental capacity is immune from the defense of laches; and that the United States cannot and does not own property in a private capacity, but only in a governmental capacity. Whether the United States in operating the Sacandaga was exercising a war power, or a power to regulate and carry on foreign commerce, or whether it was seeking to recover a pecuniary loss suffered to property in its lawful ownership, it was immune from the defense of laches. So far as the libel seeks to recover for the injury to the ship, which is alleged to have been owned by the United States, it is clear that laches is no answer to the libel. Light v. U. S.,

220 U. S. 523, 31 S. Ct. 485, 55 L. Ed. 570; Chespeake Canal Co. v. United States, 250 U. S. 123, 39 S. Ct. 407, 63 L. Ed. 889; Dupont de Nemours & Co. v. Davis, 264 U. S. 456, 44 S. Ct. 364, 68 L. Ed. 788; Davis v. Corona Coal Co., 265 U. S. 219, 44 S. Ct. 552, 68 L. Ed. 987; United States Shipping Board Emergency Fleet Corporation v. Western Union Telegraph Co., 275 U. S. 415, 48 S. Ct. 198, 72 L. Ed. 345; United States v. Porto Rico Fruit Union (C. C. A.) 12 F.(2d) 961; The Messenger (D. C.) 14 F.(2d) 147.

■ 4. The United States also sues in behalf of the owners of the cargo for the recovery of the damage done to it by the fire. So far as the United States as libelant sues to recover damages for the account of the owners of the cargo, who were private persons, it has no immunity from laches. If the cargo owners had sued in their own behalf, the defense of laches would, if established, prevail against them. There can be no reason that, when the United States sues in their behalf, the rule should be different. The Supreme Court, in the case of Curtner v. United States, 149 U. S. 662, 13 S. Ct. 985, 37 L. Ed. 890, said:

"When the Government is a mere formal complainant in a suit, not for the purpose of asserting any public right or protecting any public interest, title, or property, but merely to form a conduit through which one private person can conduct litigation against another private person, a court of equity will not" subject the private person to any exemptions designed "for the protection of the rights of the United States alone."

If the United States had no rights of its own to enforce as to the cargo, but sought to enforce only the rights of the private persons, who are the cargo owners, it is to that extent not immune from the defense of laches. The libel alleges, as to the cargo, that the libelant sues for the cargo owners only. It does not allege that the United States has paid, or is liable to pay, the damage to the cargo to the owners thereof. The loss to the cargo was caused by fire, charged to have been started by the negligence of an independent contractor. No liability would necessarily arise against the libelant from such a loss. No facts are averred that show liability as against the libelant for contribution in general average. Upon the facts set out in the libel, the libelant, so far as it sues for the cargo owner, is not shown to be immune against the assertion of laches by the respondent.

■ 5. The libelant on April 2, 1923, made demand upon respondent for reimbursement of the loss sustained by it as a result of the

fire. Respondent, by its counsel, answered the demand on April 14, 1923, denying liability for the loss, and asserting that the fire was not caused by the acts or negligence of its employees. The libelant contends that the respondent is estopped to rely upon laches, because of having written this letter. The letter was not written by respondent as a volunteer. It had been called upon by libelant to acknowledge responsibility. It is not charged that the respondent denied liability for the fire in bad faith or to prevent the libelant from taking action against it. It is not even averred that the acts set out in the letter are in fact untrue, but only that an eyewitness would testify to the contrary. The respondent was placed by libelant in the position of having either to admit or deny liability. If in response it denied liability, no estoppel could be rested upon the denial, unless accompanied by averments that the denial was untrue, that respondent, when it made the denial, knew it to be untrue, and made it for the purpose of influencing the libelant to omit or to delay prosecuting its claim in reliance upon its truth. The libel contains no such averments.

For the reason assigned, the decree of the District Court dismissing the libel is reversed, and the cause remanded for further proceedings not inconsistent with this opinion, and it is so ordered.