## UNITED STATES v. CZARNIKOW-RIONDA CO.

### No. 299.

Circuit Court of Appeals, Second Circuit.

April 7, 1930.

Charles H. Tuttle, U. S. Atty., of New York City (Horace M. Gray, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

Glenn, Alley & Geer, of New York City (Garrard Glenn, of Charlottesville, Va., and James F. Dealy, of New York City, of counsel), for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The steamship Lake Canaveral, owned by the United States, was chartered by the appellee to carry a cargo of sugar in bags from Havana, Cuba, to an American port. The carriage and delivery were made, but a demurrage claim arose because of delay in loading, and this suit followed to collect that demurrage.

The vessel reported to load at 7 a. m. on May 31, 1920, and loading was completed at 8:40 a. m. on June 8, 1920, at which time 21,386 bags of sugar were loaded. The lay days allowed under the charter were at the rate of 6,000 bags per working day. If the time lost due to strikes be added to the lay time, the lay days expired at 4 p. m. June 3, 1920, and 4 days 16 hours and 20 minutes elapsed from that time until the loading was completed. Demurrage is calculated at the rate of 48 cents per gross registered ton per day of 24 hours.

The charter party was made on May 28, 1920, between the United States Shipping Board Emergency Fleet Corporation, Strachan Shipping Company, agents, owners, or chartered owners of the steamship Lake Canaveral, party of the first part, and appellee charterers of the second part. The court below found that the United States Shipping Board Emergency Fleet Corporation was the principal under the contract and that the United States could not maintain the libel, citing Harwood v. Fleet Corporation (C. C. A.) 32 F.(2d) 680, and Providence Eng. Corp. v. Downey Shipbuilding Corp. (C. C. A.) 294 F. 641. Both the Harwood and the Providence Engineering Corp. Cases do not answer the question here presented. Those cases held that the Fleet Corporation was the proper party defendant in the particular case on the issues there involved and that the United States was not an indispensable defendant. But the right of the United States to sue on a similar contract was not adjudicated, and the question presented here is whether the government is a proper suitor as party libelant. It owned the ship and carried the cargo, as the preamble of the charter party, as well as the signatories, would indicate; both the United States Shipping Board Emergency Fleet Corporation and the Strachan Shipping Company are named as agents, not agent. The documentation of the vessel was in the name of the United States. Paragraph 13 of the charter party provides that the vessel "shall have an absolute lien on cargo for * * * demurrage, both loading and discharging," and the appellee, to relieve its cargo from seizure to enforce a lien for demurrage, addressed a letter to the Shipping Board guaranteeing payment. If the Shipping Board Emergency Fleet Corporation acted as the agent of the United States and ownership of the vessel was in the United States, then the United States may maintain this libel. Clallam County v. United States, 263 U. S. 341, 44 S. Ct. 121, 68 L. Ed. 328; U. S. Grain Corporation v. Phillips, 261 U. S. 106, 43 S. Ct. 283, 67 L. Ed. 552. The Fleet Corporation was an instrumentality of the government (Skinner & Eddy Corp. v. McCarl, 275 U. S. 1, 48 S. Ct. 12, 72 L. Ed. 131; United States v. Walter, 263 U. S. 18, 44 S. Ct. 10,

216

68 L. Ed. 137), and has never acted except as agent for the government (United States Shipping Board Emergency Fleet Corp. v. Western Union, 275 U. S. 415, 48 S. Ct. 198, 72 L. Ed. 345). The United States may sue and recover on contracts entered into by the Fleet Corporation as its duly authorized agent or officer. Erickson v. United States, 264 U. S. 246, 44 S. Ct. 310, 68 L. Ed. 661; United States v. Skinner & Eddy Corp. (D. C.) 28 F.(2d) 373.

■ The rule of Humble v. Hunter, 12 Q. B. 310, and Drughorn v. Rederiaktiebolaget [1919], App. Cas. 203, does not apply because, as we shall show, the appellant may maintain this suit by reason of the assignment of the claim by statute.

Section 2 (c) of the Merchants Marine Act of June 5, 1920 (41 Stat. 988, 46 USCA § 862(c), repealed the Act of June 15, 1917, c. 29 (40 Stat. 182), April 22, 1918, c. 62 (40 Stat. 533), and November 4, 1918, c. 201 (40 Stat. 1020–1022), making provision for construction or requisition of vessels, as well as for cancellation of contracts, and the Act of June 15, 1917, provided for suit against the United States in the case of cancellation where the amount offered was unsatisfactory. By the Act of June 15, 1920, § 2 (46 USCA § 862), the Shipping Board is directed, as soon as practicable, to adjust, settle, and liquidate all matters arising out of or incident to these acts. Provision is made for suit against the United States where a claimant is dissatisfied. Section 4 of the same act (46 USCA § 863) provides:

"All vessels and other property or interests of whatsoever kind, including vessels or property in course of construction or contracted for, acquired by the President through any agencies whatsoever in pursuance of authority, * * * are hereby transferred to the Board."

This provision of the act transferred to the government the interest of whatsoever kind arising by reason of the contractual obligations or the breaches thereof to the benefit of the United States, and it may sue as an assignee and owner of every right that the Fleet Corporation had accruing to it under the terms of the charter party. Skinner & Eddy Corp. v. McCarl, supra. This should, we think, include the right in personam for the recovery of demurrage agreed to be paid by appellee when this agent of the United States released its rights in rem by delivering the cargo.

■ A partial defense that a stevedore's strike caused a delay of two days in loading is urged upon us. It is said that the lay days should be extended by two days because of this strike. The strike of the stevedores was on June 1st and 2d. June 3d was Saturday, and the argument is that, due to the half holiday and Sunday, a holiday, they should not be counted as lay days, and therefore the lay time would have been extended until June 7th, which would reduce the demurrage accordingly. The charter, however, bound the charterer to load unconditionally within the prescribed time at the rate of 6,000 bags per day for the cargo of 21,686 bags; an intervening strike, making it impossible to load, is a risk which was assumed by the charterer. It is immaterial that the shipowner is also prevented from doing his part of the work within the required time unless he is at fault; the charterer takes the risk. Yone Suzuki v. Central Argentine Ry. Co. (C. C. A.) 27 F.(2d) 795; The Hans Maersk (C. C. A.) 266 F. 806; Bailey v. Manufacturers' Lumber Co. (D. C.) 224 F. 806; Carver in Carriage of Goods by Sea (7th Ed.) p. 831.

■ The defense of laches interposed against the United States is not a bar. Davis v. Corona Coal Co., 265 U. S. 222, 44 S. Ct. 552, 68 L. Ed. 987; United States v. Porto Rico Fruit Union (C. C. A.) 12 F.(2d) 961; The Messenger (D. C.) 14 F.(2d) 147.

Decree reversed.