**MONARCH MILLS v. JONES, Collector of Internal Revenue.**

No. 3267.

Circuit Court of Appeals, Fourth Circuit.

June 13, 1932.

Howe P. Cochran, of Washington, D. C. (Frederick S. Winston and C. Leo DeOrsey, both of Washington, D. C., on the brief), for appellant.

Eldon O. Hanson, Spec. Atty., Bureau of Internal Revenue, of Washington, D. C. (Joseph A. Tolbert, U. S. Atty., of Greenville, S. C., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and WAY, District Judge.

SOPER, Circuit Judge.

Monarch Mills, a South Carolina corporation, appellant, in this case, on January 1, 1918, acquired the assets and assumed the liabilities of Lockhart Mills, likewise incorporated in South Carolina. This suit was brought by Monarch Mills against the collector of internal revenue for the revenue district of South Carolina, under the provisions of the Revenue Act of 1928, § 607, 45 Stat. 791, 874 (26 USCA § 2607), to recover the sum of $42,576.59, with interest, which it contends the collector illegally required it to pay on April 28, 1924, for income and profit taxes assessed against Lockhart Mills for the year 1917. The assessment and collection were made more than five years after the tax return was filed, and the question is whether certain waivers filed by Lockhart Mills were valid to extend the period during which these proceedings could lawfully be had.

The tax return of Lockhart Mills for the year 1917 was filed on March 27, 1918; and consequently the five-year period for the determination and assessment of the tax expired on March 27, 1923, unless the Commissioner and the taxpayer consented in writing to a later determination, assessment, and collection. Revenue Act of 1921, § 250 (d), 42 Stat. 264, 265. On May 18, 1919, Lockhart Mills was dissolved under the statutes of South Carolina. Tax waivers, executed by the treasurer of the corporation and the Commissioner were filed on January 27, 1923, and February 12, 1923, respectively, consenting to the collection of taxes irrespective of any period of limitation, provided the assessment was made before March 1, 1924. In April, 1923, the Commissioner made an additional assessment against Lockhart Mills in the sum of $49,382.17, but subsequently in the same month, the amount was reduced, and a new assessment for $42,478.59 was made; and this sum, with interest, was paid by Monarch Mills on April 28, 1924. Hence the assessment and collection were too late, unless the waivers were good.

Under the statutes of South Carolina, corporations which have been dissolved are continued as bodies corporate to prosecute and defend suits and settle their affairs, and the directors become trustees for these purposes.[1] The courts quite generally have upheld the validity of waivers executed by the directors of dissolved corporations during the period in which corporate existence, for purposes of liquidation, is usually continued by state statutes. United States v. Kemp (C. C. A.) 12 F.(2d) 7; Jaffee v. Commissioner (C. C. A.) 45 F.(2d) 679; Commissioner v. Godfrey (C. C. A.) 50 F.(2d) 79; Commissioner v. Angier Corporation (C. C. A.) 50 F.(2d) 887; Lucas v. Hunt (C. C. A.) 45 F. (2d) 781. The taxpayer, not denying the soundness of these decisions, nevertheless points out that, by reason of (4279) section 30 of the Civil Code of South Carolina of 1922, no action may be brought against a dissolved South Carolina corporation after two years from its dissolution, for liabilities incurred during corporate existence; and the contention is set up that, so far as such an action is concerned, the corporate entity is extinct at the end of that period beyond the power of the corporate officers to revive it. This section is as follows: "(4279) § 30. *Voluntary Dissolution of Corporations.*—All corporations heretofore or hereafter incorporated in this State, either by the Legislature, the Secretary of State or a Clerk of Court, shall always have the right to go into liquida-

---

[1] (4281) § 32. *Continuance of Corporations for Closing Affairs After Expiration, Annulment, Etc., of Charter.*—All corporations, whether they expire by their own limitation or be annulled by the Legislature, or otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established.

(4282) § 33. *Powers of Directors After Dissolution of Corporation.*—Upon the dissolution in any manner of any corporation, the directors shall be trustees thereof, with full power to settle the affairs, collect the outstanding debts, sell and convey the property, and divide the moneys and other property among the stockholders after paying its debts, as far as such moneys and property shall enable them; they shall have power to meet and act under the by-laws of the corporation and under regulations to be made by a majority of said trustees, to prescribe the terms and conditions of the sale of such property, and may sell all or any part for cash, or partly on credit, or take mortgages and bonds for part of the purchase price for all or any part of said property.

Civil Code of South Carolina of 1922.

tion and to wind up their affairs and dissolve by resolution of the stockholders representing a majority of capital stock had after such notice as is hereinafter provided; said resolution to be signed by the president and secretary and a majority of the board of directors of the corporation, and forwarded to the Secretary of State, to be filed and recorded in his office:. Provided, That such resolution shall not bar an action for two years thereafter against the corporation or any of its members for any liability incurred during the existence of the corporation."

We do not think that this statute has any bearing on this case. Power to extend corporate life, it is true, resides only in the state, Oklahoma Gas Company v. Oklahoma, 273 U. S. 257, 47 S. Ct. 391, 71 L. Ed. 634, but the power has been exercised by the Legislature of South Carolina in the provision for the indefinite continuance of corporations after dissolution for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs. The only limitation is that an action against a dissolved corporation for a liability incurred before dissolution must be brought within two years thereafter. This limitation, of course, does not prevail over the provisions of section 250 (d) of the Revenue Act of 1921, supra, which allows five years after the filing of the return for the determination and assessment of the federal tax, unless the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection. Davis, Director General of Railroads, v. Corona Coal Co., 265 U. S. 219, 44 S. Ct. 552, 68 L. Ed. 987. The state statute does not restrict the time within which directors or officers may perform any act that they may deem advisable in the settlement of the corporate affairs. When the waivers were signed, the five-year period had not expired, and the United States could have proceeded to enforce the tax against the property of Lockhart Mills in the hands of Monarch Mills, its successor and transferee. It was to the interest of the taxpayer to have a careful and deliberate examination of its accounts so that the correct amount of the tax could be ascertained; and it is noteworthy that the amount of the tax, as first determined, was subsequently reduced. The execution of the waivers was merely an incidental transaction in the liquidation of the corporate affairs, well within the powers conferred by law. It had no reference to the extension of the corporate life.

The judgment of the district court is affirmed.