## UNITED STATES v. ERB et al.

District Court, S. D. New York.
July 30, 1934.

Martin Conboy, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Blake & Voorhees, of New York City (Edward I. Devlin, Jr., of New York City, of counsel), for defendants.

COXE, District Judge.

This is a motion by the plaintiff for judgment on the pleadings, and also for summary judgment under the state court practice.

The action is to recover $150,000, with interest, on an abatement bond, given to the collector of internal revenue by Elmer E. Smathers, on May 18, 1925, conditioned that "if the said claim in abatement shall be denied in whole or in part * * * and upon notice and demand * * * the said E. E. Smathers pays * * * the said tax, or such amount thereof as may be found due, together with such penalties and interest as may accrue thereon, then this obligation to be null and void. * * *"

Prior to the execution of this bond, Smathers had been assessed for $139,750.66 for additional income and profits taxes for 1918, and demand for payment had been made by the collector; and the purpose of the bond was to stay collection of the taxes pending a determination of the claim by the Com-

missioner. This did not take place until February 5, 1927, when the Commissioner allowed the claim to the extent of $10,958.27, but rejected it for the balance of $128,972.39. Thereafter notice and demand for payment were given to Smathers, but payment was refused. Subsequently, on January 11, 1928, Smathers died, and the defendants are the executors of his estate. The present suit was commenced February 2, 1933.

These facts are conceded, and clearly entitle the plaintiff to judgment, U. S. v. John Barth, 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743; Gulf States Steel Co. v. U. S., 287 U. S. 32, 53 S. Ct. 69, 77 L. Ed. 150; U. S. v. Root (C. C. A.) 62 F.(2d) 385; Cert. denied, 289 U. S. 733, 53 S. Ct. 593, 77 L. Ed. 1481, unless the separate defenses set up in the answer raise issues to be tried.

■■■ There are four of these defenses, namely (1) that the present action was not commenced within three months after the rejection of the claim by the defendants, as required by section 211 of the New York Surrogate's Court Act; (2) that the tax itself is erroneous, and nothing is due; (3) that there is another action pending between the same parties for the recovery of the amount of the tax; and (4) that there has been no final determination of the tax liability of the decedent for 1918.

The provisions of section 211 of the New York Surrogate's Court Act requiring the commencement of an action of a claim "within three months after the rejection" by the executor or administrator has no application to a suit by the government in the United States courts to recover taxes. Davis v. Corona Coal Co., 265 U. S. 219, 44 S. Ct. 552, 68 L. Ed. 987; U. S. v. Minnesota, 270 U. S. 181, 46 S. Ct. 298, 70 L. Ed. 539; U. S. v. Fidelity Trust Co. (C. C. A.) 121 F. 766. The first defense, therefore, is plainly bad in law. The second defense is also insufficient, for the present action is on the bond, and the correctness of the Commissioner's determination is not in issue. Gulf States v. U. S., supra; U. S. v. John Barth, supra. This disposes, too, of the contention with respect to the third defense, as a suit to recover a tax is distinct from an action on an abatement bond. The fourth defense is also clearly bad, as it merely attempts to try out the merits of the tax, which cannot be done in an action on the bond.

The motion of the government for judgment on the pleadings, and also for summary judgment, is granted; but the amount of the recovery must necessarily be limited to the sum of $128,792.39, the amount for which the claim in abatement was rejected on February 5, 1927, together with penalties and interest.