## UNITED STATES v. FRENCH SARDINE CO., Inc.

### No. 7943.

Circuit Court of Appeals, Ninth Circuit.

Dec. 2, 1935.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Owen P. Hughes, Asst. U. S. Atty., of Tacoma, Wash.

Arch E. Ekdale, of San Pedro, Cal. (Guy E. Kelly, of Tacoma, Wash., of counsel), for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This action was begun by a libel in rem against 200 cases of tuna which were alleged to be "adulterated," as that term is defined in section 8, par. 6, title 21, U.S. C.A., being section 7, par. 6, of the Food and Drug Act of June 30, 1906. The French Sardine Company appeared as owners thereof and denied the truth of the allegation contained in the libel. The issue of fact was submitted to a jury which returned a verdict in favor of the claimant. The court, in entering judgment denying condemnation, included costs amounting to $141.38. The government appeals from this judgment.

It is conceded on this appeal that judgment for costs does not lie against the United States unless specially authorized by statute. This well-known and long-established rule has been recently stated by the Supreme Court in United States v. Worley, 281 U.S. 339, 344, 50 S.Ct. 291, 74 L.Ed. 887, and by this court in United States v. Knowles' Estate, 58 F.(2d) 718. The appellee, however, contends that section 10 of the Food and Drug Act (34 Stat. 768, 771, 21 U.S.C.A. § 14) does contain such statutory authority in the last sentence thereof, which is as follows: "The proceedings of such libel cases shall conform, as near as may be, to the proceedings in admiralty, except that either party may demand trial by jury of any issue of fact joined in any such case, and all such proceedings shall be at the suit of and in the name of the United States."

The appellee claims that as in an admiralty proceeding costs may be awarded against the United States (Suits in Admiralty Act, 41 Stat. 525–528, 46 U.S.C.A. §§ 741–752; James Shewan & Sons, Inc., v. United States, 267 U.S. 86, 45 S.Ct. 238, 69 L.Ed. 527), it follows that the allowance of costs is proper in the case at bar because the allowance of costs is a part of "the proceeding in admiralty" which is to be conformed to in the proceedings upon a libel under the Food and Drug Act, § 10, supra. The Supreme Court has not spoken on this exact question, but in the case of Four Hundred and Forty-Three Cans of Frozen Egg Product v. United States, 226 U.S. 172, 33 S.Ct. 50, 53, 57 L.Ed. 174, that court said: "We do not think it was intended to liken the proceedings to those in admiralty beyond the seizure of the property by process in rem, then giving the case the character of a law action, with trial by jury if demanded, and with the review already obtaining in actions at law."

While the right to costs is ancillary to the judgment, it is a substantive right and not a mere matter of procedure. As stated in Erwin v. United States (D.C.) 37 F. 470, 488, 2 L.R.A. 229: "'In its general acceptation "proceeding" means the form in which actions are to be brought and defended, the manner of intervening in suits, of conducting them, the mode of deciding them, of opposing judgments, and of executing.' 'Ordinary proceedings intend the regular and usual mode of carrying on a suit by due course of common law.'" People v. White, 14 How.Prac. (N.Y.) 498.

The distinction between a right to costs and the procedure for the enforcement of that and other rights is pointed out in Fargo v. Helmer, 43 Hun (N.Y.) 17, 19, where the court, quoting Judge Duer in Rich v. Husson, 8 N.Y.Super.Ct. (1 Duer) 617, said: "The rules by which proceedings are governed are rules of procedure; those by which rights are established and defined, rules of law. It is the law which gives a right to costs and fixes their amount. It is procedure which declares when and by whom the costs, to which a party has a previous title, shall be adjusted or taxed, and when and by whose direction a judgment in his favor shall be entered." The right to costs is not a question of procedure but is a substantive right.

If the proper interpretation of section 10 of the Food and Drug Act, supra, were a matter of doubt, that doubt must be resolved in favor of the government. As stated by the Supreme Court in Davis v. Corona Coal Co., 265 U.S. 219, 222, 44 S. Ct. 552, 553, 68 L.Ed. 987: "The United States should not be held to have waived any sovereign right or privilege unless it was plainly so provided."

The decree is modified by striking therefrom the judgment for costs, and as so modified is affirmed.