## C, H. SPRAGUE & SON CO. v. HOWARD.
### Civil Action No. 6112.

District Court, D. New Jersey.
June 19, 1946.

Kirlin, Campbell, Hickox & Keating, of New York City, for libellant.

Purdy & Lamb, of New York City, for respondent.

SMITH, District Judge.

This is a suit in admiralty in which there are joined two causes of action, the one arising out of an alleged breach of contract and the other arising out of an alleged tort. It appears upon the face of the libel that both causes of action rest upon the same facts. The suit is before the Court at this time on exceptions to the libel, the second and third of which follow:

Second. "That the libel is not sufficient in that it appears from the said libel and from the exceptive allegations hereunto attached and by reference made a part hereof that the libellant has no cause of action against the respondent because the contract for the carriage of cargo mentioned in the libel was not with the libellant, but between the respondent, Thomas J. Howard and the Coastwise Transportation Corporation, as appears from a copy of the charter party annexed hereto."

Third. "That the libel is not sufficient in that it appears from the said libel and from the exceptive allegations hereunto attached and by reference made a part hereof that the action is barred because of the libellant's laches."

The second exception is supported by an exceptive allegation that "there was never any agreement between the respondent, Thomas J. Howard, and the libellant C. H. Sprague & Son Company, but as set forth above, the contract of carriage for the cargo of coal mentioned in the libel was between the respondent, Thomas J. Howard and Coastwise Transportation Corporation and any bill of lading signed by the captain of said barge was merely a receipt for the cargo and was not a contract with this respondent." This exception, as thus supported by the pertinent exceptive allegation, raises an issue of fact which cannot be decided on the present pleadings but must await a trial of the suit on the merits. This exception is, therefore, overruled.

It is argued by the respondent, in support of the third exception, that the cause of action arising out of the alleged tort is barred by the libellant's laches. It is apparent from the record that more than three years have elapsed since the said cause of action arose, but this fact alone will not support the defense. "Laches consist of two elements, inexcusable delay in instituting suit and prejudice resulting to the defendant from such delay. Its existence depends upon the equities of the case, and not merely upon the lapse of time." United States v. Alex Dussel Iron Works, 5 Cir., 31 F.2d 535, 536; Loverich v. Warner Co., 3 Cir., 118 F.2d 690, 693; Alexander v. Phillips Petroleum Co., 10 Cir., 130 F.2d 593, 605. The present record will not support a finding that the respondent has been prejudiced by the inexcusable delay of the libellant, a finding which is necessary if the defense of laches is to be sustained.

The rule which must be applied here was succinctly stated in the case of United States v. Alex Dussel Iron Works, supra, wherein the Court stated. "We think the defense of laches under the admiralty practice, as in equity, is as a rule properly presented only by answer and not by exception. This is certainly true, unless the libel on its face shows laches as a matter of law."

The respondent relies on the case of Schiavone-Bonomo Corp. v. Buffalo Barge Towing Corp., 2 Cir., 132 F.2d 766, 767, in which the Court, invoking the limitation prescribed by the Civil Practice Act, dismissed the libel. It will be observed, however, upon a mere reading of the cited case, that the Court found "no circumstances to excuse the delay." It would appear from the opinion that the Court had before it all the facts essential to such a determination. We do not have this advantage.

The third exception is overruled.

The first exception attacks the sufficiency of the libel on the ground that it fails to allege "a contract between the libellant and the respondent for the carriage of the cargo mentioned in the libel." This exception is overruled.