B. M. AYCRIGG and Helen F. Aycrigg, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Ina M. WELLS as executrix of the estate of Walter A. Kynoch, deceased, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

CROCKER FIRST NATIONAL BANK OF SAN FRANCISCO, as trustee under the last will and testament of Roscoe R. Leslie, deceased, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Nos. 6299, 6309, 6314.

United States District Court, N. D. California, N. D.

Oct. 1, 1954.

Horace B. Wulff, Victor L. Diepenbrock, of Devlin, Diepenbrock & Wulff, Sacramento, Robert W. Steel, Marysville, Cal., for plaintiffs.

John Lynch, Asst. U. S. Atty., San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

Having recovered judgment under a special act of Congress, *infra*, the plaintiffs in the three above-entitled causes seek to tax costs in the sum of $4,304.-25.

■ The books are virtually unanimous that, in order to subject the sovereign to liability for court costs, there must be clear and unequivocal statutory authorization. Such authorization is not to be inferred, however tempting the inference may be. It must be plainly spelled out.

To fix a cost-liability upon the Government, we must take the statute in question by its four corners, and ask ourselves, in the words of Shylock, "Is it so nominated in the bond?" And if the Court's answer is once more Shylock's, "I cannot find it; 'tis not in the bond," the successful private litigant must go forth without his costs.

### 1. The Applicable Statutes.

The present suits were brought under Private Law 35, April 21, 1949, 81st Congress, 1st Session, Chapter 86, 63 Stat. 1088. That statute conferred jurisdiction upon this Court "to hear, determine, and render judgment upon the claims of all persons for reimbursement for damages and losses sustained as a result of a flood which occurred in December 1937 in levee district numbered 10, Yuba County, California."

The pertinent part of this special statute is as follows:

"In the determination of such claims the United States shall be held liable only to the extent to which a private person would be liable under like circumstances.

"Sec. 2. Suits upon which such claims, respectively, may be instituted at any time within one year after the enactment of this Act, notwithstanding the lapse of time or any statutes of limitations, and *proceedings* for the determination of such claims, appeals therefrom, and payment of any judgment, shall be in the same manner as in cases over which such court has jurisdiction under the provisions of paragraph twentieth of Section 24 of the Judicial Code, as amended (U. S.C.Title 28, Sec. 41(20)." (Emphasis supplied.)

The applicable part of former 28 U.S. C.A. § 41(20),* supra, reads thus:

"Section 41. Original jurisdiction. The district courts shall have original jurisdiction as follows:

\* \* \*

"(20) *Suits against United States.* Twentieth. Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable, \* \* \*"

So far as here relevant, 28 U.S.C.A. § 2412 reads as follows:

"Costs

"(a) The United States shall be liable for fees and costs only when such liability is *expressly* provided for by Act of Congress." (Emphasis supplied.)

### 2. Any Statute Granting a Special Privilege is to be Strictly Construed.

■ It is hornbook law that any statute which grants a special privilege is to be strictly construed against the gran-

* Now 28 U.S.C.A. § 1346.

**418**

tee. This is particularly true when the privilege is one in derogation of the sovereign's traditional rights.

In Klamath and Modoc Tribes and Yahooskin Band of Indians v. United States, 1935, 296 U.S. 244, 250, 56 S.Ct. 212, 215, 80 L.Ed. 202, the Court said:

> "The act grants a special privilege to plaintiffs and is to be strictly construed and may not by implication be extended to cases not plainly within its terms."

### 3. The Rule of Strict Construction is Especially Applicable when it is Sought to Mulct the Sovereign with Costs.

■ The above rule of construction is applied with especial rigor in cases where it is sought to hold the United States liable for costs.

In United States v. Chemical Foundation, Inc., 1926, 272 U.S. 1, 20, 47 S.Ct. 1, 8, 71 L.Ed. 131 the Supreme Court used the following language:

> "The general rule is that, in the absence of a statute *directly* authorizing it, courts will not give judgment against the United States for costs or expenses. (Cases cited.) * * *.

> "Equity Rule 50 [28 U.S.C.A. Appendix] in general terms provides that stenographers' fees shall be fixed by the court and taxed as costs, but it does not *specify* costs or judgment for money against the United States. The rule does not mention the United States *and does not affect the sovereign prerogative not to pay costs. Congress alone has power to waive or qualify that immunity.* But no statute authorizes the giving of judgment against the United States for these items or authorizes the Attorney General or other counsel in the case to consent to such a judgment. No such authority is necessary for the proper conduct of litigation on behalf of the United States, *and there is no ground for*

*implying that authority.* It follows that the direction for judgment against the United States for costs cannot be sustained." (Emphasis supplied.)[1]

### 4. The Right to Costs is Substantive and Not Procedural.

■■ It will be observed that Private Law No. 35 specifies that *proceedings* for the "determination of such claims" "shall be in the same manner" as in cases coming within the ambit of former 28 U.S.C.A. § 41(20). The right to costs, however, does not come under the heading of "proceedings".

This precise question was settled in this Circuit by the well-considered opinion of the late Senior Judge Wilbur in United States v. French Sardine Co., 9 Cir., 1935, 80 F.2d 325, 326:

> "While the right to costs is ancillary to the judgment, it is a *substantive* right and *not a mere matter of procedure.* As stated in Erwin v. United States (D.C.) 37 F. 470, 488, 2 L.R.A. 229: ' "In its general acceptation 'proceeding' means the form in which actions are to be brought and defended, the manner of intervening in suits of conducting them, the mode of deciding them, of opposing judgments, and of executing." "Ordinary proceedings intend the regular and usual mode of carrying on a suit by due course of [at] common law" ' People v. White, 14 How.Prac. (N.Y.) 498.

> "The distinction between a *right* to costs and the *procedure* for the enforcement of that and other rights is pointed out in Fargo v. Helmer, 43 Hun (N.Y.) 17, 19, where the court, quoting Judge Duer in Rich v. Husson, 8 N.Y.Super.Ct. (1 Duer) 617, said: 'The rules by which proceedings are governed are rules of procedure; those by which rights are established and defined,

---

1. See also United States v. Worley, 1930, 281 U.S. 339, 344, 50 S.Ct. 291, 74 L.Ed. 887.

rules of law. It is the *law* which gives *a right to costs* and fixes their amount. It is *procedure* which declares when and by whom the costs, to which a party *has a previous title,* shall be adjusted or taxed, and when and by whose direction a judgment in his favor shall be entered.' *The right to costs is not a question of procedure but is a substantive right.*

"If the proper interpretation of section 10 of the Food and Drug Act, supra, were a matter of doubt, that doubt must be resolved in favor of the government. As stated by the Supreme Court in Davis v. Corona Coal Co., 265 U.S. 219, 222, 44 S. Ct. 552, 553, 68 L.Ed. 987: 'The United States should not be held to have waived any sovereign right or privilege unless it was *plainly* so provided.' " (Emphasis supplied.)

The plaintiffs' effort to distinguish the French Sardine Co. case from the causes at bar is without merit.

5. **The Plaintiffs are not Entitled to be Reimbursed for Their Advances to the Special Master.**

█ Arguing that "Compensation allowed to the Special Master is not primarily assessable as cost", and, indeed, that "this item of compensation should not be considered as a cost" at all, the plaintiffs insist that they should "be reimbursed for their advances to the Special Master."

The plaintiffs are in error in asserting that the compensation of the special Master is not assessable as an item of cost.

In United States v. Bethlehem Steel Corp., D.C.Pa., 1938, 26 F.Supp. 259, 261, we find the following emphatic and unqualified statement, which is undoubtedly a correct declaration of the law:

"The Master's and Referee's fees are undoubtedly costs." [2]

2. See also Gold Seal Importers, Inc., v. Morris White Fashions, Inc., D.C.N.Y., 1945, 4 F.R.D. 386, 389, affirmed, 2 Cir., 1945, 152 F.2d 660; General Motors

6. Conclusion.

█ Accordingly, since Private Law No. 35 nowhere expressly provides for costs against the United States in the event that the plaintiffs should prevail, their motion to tax costs is hereby denied.

To conform with the present opinion, there should be deleted from the order of this Court filed on July 23, 1952, the final clause of the penult paragraph, "and which said advances may be taxed as a cost of suit at the appropriate time for taxing costs"; and the entire penult paragraph of the judgment filed on July 19, 1954, commencing with the words "That the plaintiffs".

Corporation v. Circulators & Devices Mfg. Corp., D.C.N.Y., 1946, 67 F.Supp. 745, 746.