**DANNY HERNANDEZ, et al., Petitioners-Appellees**

v.

**HENRY F. TAITANO, Acting Director of Public Safety, et al.,
Respondents-Appellants**

Civil No. 77-0007-A

District Court of Guam

Appellate Division

January 24, 1978

Before DUENAS, SMITH and WONG, *District Judges*

PER CURIAM

OPINION

Briefly stated, this appeal results from a mandamus suit against certain officials of the government of Guam, in which they were ordered to pay the additional compensation to firemen provided for by Public Law 12–183. At oral argument, the Deputy Attorney General conceded two issues, leaving two others to be decided by this Court. These two issues are whether attorney's fees and interest on the judgment were properly awarded.

Pursuant to the Organic Act of Guam, the government of Guam has sovereign immunity which can be waived only by an act of the local legislature:

The government of Guam . . . with the consent of the Legislature evidenced by enacted law may be sued upon any contract entered

into with respect to, or any tort committed incident to, the exercise by the government of Guam of its lawful powers. 48 U.S.C. § 1421a.

The appellees have not cited any enactment where the Guam Legislature has consented to a waiver of governmental immunity in a mandamus suit. We also have been unable to find any section in the Guam Code which would provide for an award of interest or attorney's fees.[1] The general rule is that the absence of such statutory authorization precludes the awarding of attorney's fees and interest. *Aycrigg v. United States*, 124 F.Supp. 416 (N.D. Calif., 1954). We are not persuaded that any of the exceptions to the general rule is applicable in this case.

In view of the fait accompli of the payment of the additional compensation in this case, we do not reach the propriety of the mandamus issued in this case and the payment apparently made pursuant thereto.

The award of attorney's fees and interest on judgment is hereby removed from the judgment on appeal. Reversed.

---

[1] Compare Guam Code § 1021 which clearly differentiates between attorneys' fees and costs.