The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, Arkansas 71671
Dear Senator Scott:
This is in response to your request for an opinion on "whether it is appropriate and lawful for a state agency to directly compete with a private business and at the same time to regulate and audit the operation of the business."
By way of background, your request states:
 As you are aware, the State Department of Health provides home health services in direct competition with private agencies providing such services and receives a substantial amount of Medicare funds for providing such services. At the same time, the Health Department also adopts standards for, audits and regulates private home health services providers with which the department is competing for clients.
 This system appears to place the private providers at an unfair competitive advantage and may ultimately result in the financial failure of many of the private providers such as private hospitals in the less populous areas of the state.
In my opinion, it is permissible under current law for the Department of Health both to render home health care and to regulate other home health care providers.
The law might be more definite in establishing the Department's authority to provide home health care, but enactments of the General Assembly clearly indicate a legislative intent that the Department engage in the activity. See A.C.A. § 21-5-208(b), items (691), (1055), and (1631) (Supp. 1995) (providing classification titles and grades for state employees employed as home health care nurses and as director of a division of the Department responsible for home health care), A.C.A. §20-7-126 (Repl. 1991) (authorizing the Department to pay overtime wages to its employees engaged in home health care), and Act 1095 of 1995 (appropriating funds for the Department's home health care programs).
The Department's statutory authority to regulate home health care providers is not subject to question. See A.C.A. §§ 20-10-801 to -813 (Repl. 1991 and Supp. 1995).
There is no law generally prohibiting governments from competing with private enterprises. See, e.g., United States v. Solomon, 219 Ark. 309,241 S.W.2d 369 (1951); Morley v. Berg, 218 Ark. 195, 235 S.W.2d 873
(1951); Arkansas State Highway Comm'n v. Dodge, 181 Ark. 539,26 S.W.2d 879 (1930); Maryland Casualty Co. v. Rainwater, 173 Ark. 103,291 S.W.2d 1003 (1927); Callaway v. Cossart, 45 Ark. 81 (1885); see also
Op. Att'y Gen. 95-212, 95-138, 93-237.
The propriety and fairness of authorizing an agency of the state to compete with private enterprises in a particular endeavor are matters for consideration and determination by the General Assembly, but a decision to permit such competition is plainly within the legislature's power.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh